NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3137

RONALD L. ROSS,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Ronald L. Ross, of Rio Dell, California, pro se.

Sara B. Rearden, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were B. Chad Bungard, General Counsel, and Keisha Dawn Bell, Deputy General Counsel.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3137

RONALD L. ROSS

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Petition for review of the Merit Systems Protection Board in
SF3443080410-I-1.

_____

DECIDED:  October 13, 2009
_____

Before RADER, ARCHER, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Ronald L. Ross ("Ross") appeals the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal challenging the United States Postal Service's ("USPS") failure to select him for the position of Area Maintenance Technician ("AMT").  <u>Ross v. U.S. Postal Serv.</u>, No. SF-3443-08-0410-I-1 (Merit Sys. Prot. Bd. Sept. 4, 2008).  Because the Board did not have jurisdiction over Ross's appeal, the decision of the Board is <u>affirmed</u>.

At the time of his appeal, Ross was employed as a Maintenance Mechanic with the USPS in Eureka, California.  Ross filed an appeal with the Board challenging his non-selection for an AMT position with the USPS in Eureka, California and asserting

that his non-selection was in retaliation for filing grievances and an Equal Employment Opportunity ("EEO") complaint. In an Initial Decision, the administrative judge (AJ) determined that the Board lacked jurisdiction over Ross's appeal. The full Board denied Ross's petition for review, and the Initial Decision became final. Ross appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(9).

Our review of Board decisions is limited. We must affirm decisions of the Board unless they are found to be "(1) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

"An agency's failure to select an applicant for a vacant position is generally not appealable to the Board. See Ellison v. Merit Sys. Prot. Bd., 7 F.3d 1031, 1034 (Fed.Cir.1993) (non-selection for promotion); Diamond v. United States Postal Serv., 51 M.S.P.R. 448, 450 (1991) (non-selection for appointment), aff'd, 972 F.2d 1353 (Fed.Cir.1992) (table)." Prewitt v. Merit. Sys. Prot. Bd., 133 F.3d 885, 886 (Fed. Cir. 1998).[1] Accordingly, the AJ was correct in concluding that the Board lacked jurisdiction over Ross's appeal of his non-selection for the AMT position.

In his Informal Brief, Ross asserts "illegal discrimination" which the Board failed to take into account. However, the Board lacks jurisdiction to review claims of discrimination unless the claims are raised in connection with an otherwise appealable matter. See Cruz v. Dep't of the Navy, 934 F.2d 1240, 1245-46 (Fed. Cir. 1991). Accordingly, the AJ's determination that the Board lacked jurisdiction to review Ross's

---

[1]     There are certain limited exceptions to this general rule, none of which have been implicated by Ross.

claim that his non-selection for the AMT position was based on discriminatory retaliation for filing a past grievance and an EEO claim against the USPS was correct.

The Board's dismissal of Ross's claim for lack of jurisdiction is affirmed.