# United States Court of Appeals for the Federal Circuit

---

**KURT CHADWELL,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

AND

**OFFICE OF PERSONNEL MANAGEMENT,**
*Intervenor.*

---

2009-3302

---

Petition for review of the Merit Systems Protection Board in DA300A080567-I-1.

---

Decided: December 16, 2010

---

PAUL B. EAGLIN, Eaglin Law Office, of Fairbanks, Alaska, argued for petitioner.

STEPHANIE M. CONLEY, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With her on the brief were

JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

BRIAN M. SIMKIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. On the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, BRYANT G. SNEE, Deputy Director, and MICHAEL N. O'CONNELL, JR., Trial Attorney.

---

Before LOURIE, LINN, and PROST, *Circuit Judges.*

PROST, *Circuit Judge.*

Petitioner Kurt Chadwell petitions for review of the final decision of the Merit Systems Protection Board ("Board"), which dismissed his September 15, 2008 appeal for lack of jurisdiction. Mr. Chadwell challenged the Office of Personnel Management's ("OPM's") August 14, 2008 notice that it would not review or process his 2008 application for an administrative law judge ("ALJ") position because one year had not passed since the date he received a Notice of Results ("NOR") from his successful 2007 application for an ALJ position. Because OPM's one-year rule is not an employment practice, the Board does not have jurisdiction under 5 C.F.R. § 300.104(a).[1] We affirm.

---

[1] 5 C.F.R. § 300.104(a) provides that "[a] candidate who believes that an employment practice which was applied to him or her by the Office of Personnel Management violates a basic requirement in § 300.103 is entitled to appeal to the Merit Systems Protection Board under the provisions of its regulations."

BACKGROUND

Mr. Chadwell responded to OPM's May 4, 2007 ALJ vacancy notice, seeking to have his name added to the register of ALJ eligibles. OPM uses the register of eligibles as a source of referrals to respond to agency requests for lists of eligible candidates for open ALJ positions. On October 30, 2007, OPM issued a NOR notifying Mr. Chadwell of his successful completion of all parts of the ALJ examination. Mr. Chadwell received a final numerical rating and his name was added to the list of eligible ALJ candidates. OPM further advised Mr. Chadwell that "[i]f [he] received a NOR with a final numerical rating, [he] may retake the examination after one year has passed from the date of the final NOR and the examination opens to the receipt of new applications." J.A. 7.

On July 30, 2008—approximately nine months after Mr. Chadwell received the NOR from his 2007 ALJ application—OPM issued the 2008 ALJ vacancy notice. Mr. Chadwell responded to the notice, seeking to retake the ALJ test and have his rating on the register of eligibles updated based on additional experience earned since his 2007 application. On August 14, 2008, OPM notified Mr. Chadwell that it would not review or process his 2008 ALJ application because one year had not passed since OPM had issued its final NOR from Mr. Chadwell's 2007 ALJ application. However, Mr. Chadwell's name remained on the register of eligibles based on his 2007 application rating and he continued to be considered for open ALJ positions. Mr. Chadwell appealed OPM's decision and application of the one-year rule to the Board.

During the pendency of Mr. Chadwell's appeal, the Board's administrative judge issued two show cause orders advising Mr. Chadwell of his burden of proof as to

whether the Board had jurisdiction over his allegation that OPM's application of the one-year rule constitutes an employment practice. Following the parties' responses to the orders, the administrative judge issued an initial decision dismissing Mr. Chadwell's appeal of the agency action for lack of jurisdiction. Mr. Chadwell petitioned for review. Upon review, the Board's chairman and vice chairman split on the disposition of the petition for review. Thus, the administrative judge's initial decision became the final decision of the Board. Mr. Chadwell appealed the Board's final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. A decision of the Board must be affirmed unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Dickey v. Office of Pers. Mgmt.*, 419 F.3d 1336, 1339 (Fed. Cir. 2005). We review the question of whether the Board has jurisdiction over an appeal de novo. *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999). Mr. Chadwell carries the burden to establish the Board's jurisdiction by a preponderance of the evidence. *See* 5 C.F.R. § 1201.56(a)(2).

Whether the Board has jurisdiction over this case rests on whether Mr. Chadwell can demonstrate that the agency's rule constitutes an "employment practice" under 5 C.F.R. § 300.101. Next, he must show that the employment practice was applied to him in violation of a basic requirement of 5 C.F.R. § 300.103. This second step, however, is not implicated by this appeal.

An employment practice is defined as any practice that affects "the recruitment, measurement, ranking, and selection of individuals for initial appointment and competitive promotion in the competitive service." 5 C.F.R. § 300.101. 5 C.F.R. § 300.101 further defines the purpose of employment practices and notes that the term "'employment practices' includes the development and use of examinations, qualifications standards, tests, and other measurement instruments." We have held that the term "employment practice" has a "naturally broad and inclusive meaning" and applies to rules having a substantive or merits-based effect on a candidate's eligibility for initial appointment. *Dowd v. United States*, 713 F.2d 720, 723 (Fed. Cir. 1983).

In this case, Mr. Chadwell argues that the Board has jurisdiction under 5 C.F.R. § 300.104(a) because OPM refused to consider his 2008 ALJ application pursuant to a rule that precludes an existing ALJ candidate from reapplying until one year after issuance of a final NOR from a recent application. Mr. Chadwell asserts that the one-year rule constitutes an employment practice within the meaning of the regulations and was applied in violation of at least one of the basic requirements of 5 C.F.R. § 300.103.

More specifically, according to Mr. Chadwell, the one-year rule is an employment practice having a substantive or merits-based effect on the ranking of ALJ candidates because (1) it precludes from consideration the class of individuals that have received their NOR less than one year prior to an ALJ vacancy announcement, and (2) it prevents an applicant from increasing his or her examination score based on additional experience earned during the period between receipt of the NOR and a new ALJ vacancy announcement less than one year later. Regard-

ing the latter, Mr. Chadwell asserts that after notification of his 2007 ALJ examination score he received two prestigious team awards in recognition of his performance as a federal government attorney. Based on those awards, Mr. Chadwell believes that the one-year rule "deprived him of the higher score he would have likely received" on the 2008 ALJ examination thereby adversely affecting his ranking and selection for initial appointment. *See* Pet'r Br. at 10, 15.

The government disagrees, contending that OPM's one-year rule is not an employment practice and that the Board therefore lacks jurisdiction over Mr. Chadwell's appeal. Specifically, the government asserts that the one-year rule is procedural because it "reflects an exercise of OPM's administrative discretion and is not a substantive or merits consideration that affects the qualification standards for the ALJ position." Resp't Br. at 11. The government further asserts that the one-year rule is a "reasonable procedure for allocating OPM's limited resources." Int'r Br. at 10. OPM explains that the one-year rule allows it to create a broader list of eligible candidates for appointment to open ALJ positions. OPM contends that allowing existing, eligible ALJ candidates to reapply less than one year after receiving a NOR would take away an otherwise available application slot from new applicants or those ALJ candidates that have waited more than one year to reapply.[2] *Id.* at 12.

We agree with the government. Mr. Chadwell incorrectly argues that the one-year rule is an employment

---

[2] In 2007, OPM capped the number of applications to the ALJ vacancy announcement at 1,250. OPM received that number of applications in less than one week. In 2008, OPM capped the number of applications to the ALJ vacancy announcement at 600. Int'r Br. at 11.

practice because it has a substantive or merits-based effect on his ranking or selection from the list of eligible ALJ candidates. The appropriate analysis is not merely whether the rule has an effect on his ranking within the list of eligibles; it is whether the rule "affects the recruitment, measurement, ranking, and selection of individuals *for initial appointment* and competitive promotion." *See* 5 C.F.R. § 300.101 (emphasis added). OPM's one-year rule has no effect on Mr. Chadwell's eligibility for initial appointment. Despite being ineligible to retake the ALJ examination in 2008, Mr. Chadwell remained on the list of eligibles for appointment to vacant ALJ positions based on his 2007 examination rating. Indeed, his name was submitted twice to the Social Security Administration in response to agency requests for lists of eligible candidates for open ALJ positions. Int'r Br. at 14. Thus, Mr. Chadwell incorrectly contends that the one-year rule precludes the class of individuals that have received a NOR less than one year prior to an ALJ vacancy announcement from consideration for initial appointment.

Mr. Chadwell's argument that OPM's one-year rule prevents an applicant from raising his or her examination score based on increased experience earned in the period between receipt of the NOR and a new ALJ vacancy announcement less than one year later is similarly unavailing. Mr. Chadwell's contention that his score would have increased based on receipt of various awards or additional experience is speculative, at best. For instance, Mr. Chadwell could have scored lower in 2008 than he did in 2007. Further, Mr. Chadwell's argument fails to consider that if other successful 2007 applicants were allowed to retake the ALJ exam in 2008, they too might score higher based on their additional experience such that any increase in his personal score would be negated by the increased scores of other applicants. Mr.

Chadwell was eligible to retake the ALJ examination in 2009 when his professional experience and awards earned following the 2007 examination could have been appropriately scored along with the entirety of his application. Mr. Chadwell's eligibility to retake the examination is further evidence that OPM's rule is procedural, having no substantive or merits-based effect on consideration of his application for initial appointment.

Our determination that OPM's one-year rule is not an employment practice is consistent with prior decisions which found an employment practice where the agency's rule at issue affected an applicant's eligibility for initial appointment to federal service. For example, in *Lackhouse*, the petitioner was excluded from further consideration for initial appointment after his application had been passed over three times. We held that the pass-over rule constituted an employment practice. *See Lackhouse v. Merit Sys. Prot. Bd.*, 734 F.2d 1471, 1474 (Fed. Cir. 1984); *cf. Maule v. Office of Pers. Mgmt.*, 40 M.S.P.R. 388, 392-94 (1989), *aff'd*, 892 F.2d 1050 (Fed. Cir. 1989) (noting that OPM's "timeliness-of-application" regulation does not concern the substantive "development and use of examinations, qualification standards, tests, and other measurement instruments.") (citations omitted). Likewise, in *Vesser*, the petitioner's name was removed from the list of eligible ALJ candidates resulting in his exclusion from consideration for initial appointment to a vacant ALJ position. OPM's rule that precluded annuitants from consideration for initial appointment to federal service was held to be an employment practice. *See Vesser v. Office of Pers. Mgmt.*, 29 F.3d 600, 603 (Fed. Cir. 1994). Similarly, in *Meeker*, we held that a formula change in the scoring of ALJ examinations was an employment practice where the preliminary rescoring resulted in approximately eighty percent of applicants

failing to achieve the minimum score necessary for certification and continued consideration for initial appointment as an ALJ. *See Meeker v. Merit Sys. Prot. Bd.*, 319 F.3d 1368, 1370, 1373 (Fed. Cir. 2003). The scoring formula change clearly implicated the "measurement, ranking, and selection of individuals for initial appointment." 5 C.F.R. § 300.101.

In contrast to the decisions cited above, here, the application of OPM's one-year rule did not prevent Mr. Chadwell from concurrent or future consideration for initial appointment to open ALJ positions.[3] The timing of when and whether Mr. Chadwell may modify or update a pending application, the effect of which is purely speculative, is a procedural matter and a reasonable exercise of the agency's discretion. In sum, the government is correct that OPM's one-year rule is a procedural rule and not an employment practice under 5 C.F.R. § 300.101. The one-year rule does not have a substantive or merits-based effect on Mr. Chadwell's eligibility for selection to an open ALJ position. Rather, it is a reasonable limitation that allows OPM to provide a broader list of eligible candidates to agencies seeking referrals for open ALJ positions.

The Board's decision dismissing Mr. Chadwell's appeal for lack of jurisdiction is affirmed.

---

[3] Our holding does not mean that every agency rule that excludes someone from initial appointment is necessarily an employment practice. We hold only that an agency rule is not an employment practice when the rule does not affect an applicant's consideration for initial appointment. *See* 5 C.F.R. § 300.101.

Costs

Each party shall bear its own costs.

**AFFIRMED**