NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

---

**RONNIE L. EBRON,**
*Petitioner,*

v.

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2011-3173

---

Petition for Review of the Merit Systems Protection Board in case no. DC-07752-11-002-I-1.

---

Decided: April 10, 2012

---

JONATHAN BELL, Law Office of Jonathan Bell, of Garden City, New York, for petitioner.

ELIZABETH M. HOSFORD, Senior Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and TODD HUGHES, Deputy Director. Of counsel was MICHAEL S. MACKO, Attorney.

---

Before PROST, MAYER, and WALLACH, *Circuit Judges.*

PER CURIAM.

INTRODUCTION

Ronnie L. Ebron appeals from the final decision of the Merit Systems Protection Board ("Board") sustaining Mr. Ebron's removal pursuant to 5 U.S.C. § 7513 for (1) failure to meet the requirements of the position of contract specialist; (2) lack of candor; and (3) failure to provide honest and complete information. Because the Board's findings are supported by substantial evidence and not contrary to law, we *affirm*.

BACKGROUND

Ebron was hired in 2005 as a temporary employee, a GS-12 Contract Specialist, with the Financial and Acquisition Management Division, Flood, Fire and Mitigation Branch of the Federal Emergency Management Agency ("FEMA" or "Agency"). *Ebron v. Dep't of Homeland Sec.*, No. DC-07752-11-002-I-1, 2011 M.S.P.B. LEXIS 2023, at *2 (M.S.P.B. Mar. 31, 2011). On his job application he included his degree from St. Regis University, which he received in 2001 for his "work experience, life experience, education from training[,] and certificates." He did not include the credits he had from other schools on his application. *Id.* at *7. In 2006, he was converted to a Career-Conditional appointment as a GS-13 Contract Specialist, a position which required the applicant to have "completed a 4-year course of study leading to a bachelor's degree." In his application for that position Ebron stated he received his bachelor's degree from St. Regis University in 2001, where he majored in "Acquisition Management." In 2008, Ebron was promoted to a GS-14 Contract Specialist position. Before his promotion to GS-14, Ebron received certification in the Federal Acquisition Certification in Contracting Program, for which an applicant must have a four-year degree or 24 credits of business classes from an accredited institution. Ebron then applied for a position at the Federal Law Enforcement Training Center

("FLETC"). When the FLETC discovered Ebron's degree was not from an accredited institution it notified FEMA. FEMA "proposed the appellant's removal . . . based on the charges of failure to meet the requirements of the position, lack of candor, and failure to provide honest and complete information." *Id.* at *2. Ebron was removed from his position in September 2010 and appealed the Agency's decision before the Board.

An Administrative Judge for the Board heard the appeal and issued an initial decision which became the final decision of the Board. The Board upheld the Agency's charges for four reasons. First, the Board found that Ebron failed to meet the requirements of his position because his position indisputably required a four year bachelor's degree from an accredited institution, and there was no evidence Ebron had achieved such a degree. Second, the Board found that because Ebron "failed to disclose [that] his diploma from St. Regis was not from an accredited institution his conduct demonstrated a lack of candor." *Id.* at *19. Third, the Board upheld the Agency's charge of failure to provide honest and complete information because Ebron's "conduct demonstrates he misled the [A]gency about his degree from St. Regis with the intention of deceiving or defrauding the agency" by conveying a "misleading impression with respect to material facts." *Id.* at *25 (citations omitted). Finally, the Board held that "[a]lthough the appellant's work record is worthy of consideration, the penalty imposed is within the range of reasonableness given the egregiousness of the misconduct. [The Board found] the [A]gency properly considered the relevant factors and its disciplinary penalty did not exceed the bounds of reasonableness." *Id.* at *34. Ebron appeals the Board's decision that FEMA satisfied its evidentiary burden to prove the charges against him and the Board's decision that his removal was reasonable and promoted the efficiency of the service. This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

This court has limited jurisdiction to review appeals from the Board. We affirm a Board decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Chadwell v. MSPB*, 629 F.3d 1306, 1308 (Fed. Cir. 2010). "Under the substantial evidence standard of review, a court will not overturn an agency decision if it is supported by 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Jacobs v. Dep't of Justice*, 35 F.3d 1543, 1546 (Fed. Cir. 1994) (quoting *Consol. Edison Co. v. NLRB*, 203 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 126 (1938)).

**I.**

Ebron argues that there was not substantial evidence to support the Board's decision to uphold the charges of lack of candor and failure to provide honest and complete information. First, Ebron asserts that the Agency failed to demonstrate that Ebron knew in 2005 that St. Regis was not an accredited institution, and he contends that he did not know about St. Regis's lack of accreditation until 2010. Additionally, Ebron argues that he had the educational requirements for the position he initially applied for so he had "no reason, interest, or motive to lie about his education" and he "believed" that he "possessed a proper degree"; therefore, he argues, the charges of lack of candor and failure to provide honest and complete information are not supported by substantial evidence.

First, the Board considered when Ebron learned that St. Regis was not an accredited institution: two witnesses testified that Ebron had admitted he knew St. Regis was not accredited in 2005, a third witness's testimony did not contradict their statements (she testified only that she

"did not hear" Ebron make such a statement), and the Board held that Ebron's testimony to the contrary lacked credibility. The Board weighed Ebron's testimony and that of the other witnesses and concluded that the testimony supporting Ebron's position was less credible, finding that Ebron knew St. Regis was not accredited. "The determination of the credibility of the witnesses is within the discretion of the presiding official who heard their testimony and saw their demeanor." *Griessenauer v. Dep't of Energy*, 754 F.2d 361, 364 (Fed. Cir. 1985). The Board's determination of witnesses credibility is "virtually unreviewable." *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986). Therefore, we will not reweigh the evidence; we accept the Board's finding that Ebron knew St. Regis was not accredited in 2005.

The Board's decision to uphold the charge of lack of candor is supported by substantial evidence. The Board concluded that despite knowing that his St. Regis diploma did not meet the qualifications necessary for the jobs, Ebron repeatedly included it in his applications and represented that the information was accurate.[1] To establish lack of candor, the Board need not prove there was intent to deceive but only that a person failed "to disclose something that, in the circumstances, should have been disclosed in order to make the given statement accurate and complete." *Ludlum v. Dep't of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002). Given the Board's conclusion that Ebron knew his degree was inadequate,

---

[1] In his 2006 application Ebron signed a statement saying:
I certify that, to the best of my knowledge and belief, all of the information on and attached to this application is true, correct, complete and made in good faith. I understand that false or fraudulent information on or attached to this application may be grounds for not hiring me or for firing me after I begin work, and may be punishable by fine or imprisonment. I understand that any information I give may be investigated.

and given the requirement for the jobs is a four year degree from an accredited institution, there is substantial evidence to uphold the charge of lack of candor.

Similarly, the Board's decision to uphold the charge of failure to provide honest and complete information is supported by substantial evidence. Such a charge "may be sustained only if the agency proves by preponderant evidence that the employee knowingly made false statements with the intention of deceiving or defrauding the agency." *Redschlag v. Dep't of the Army*, 89 M.S.P.R. 589, 607 (2001). "[A]n incorrect statement coupled with the lack of any credible explanation or contrary action by an employee has been held to constitute circumstantial evidence of intention to deceive." *Stein v. U.S. Postal Service*, 57 M.S.P.R. 434, 439 (1993). Ebron wrote in a 2010 memo that he was unaware that St. Regis was not accredited until after being notified by the FLETC. The Agency found that this representation was misleading because it conflicted with other statements Ebron made, including in his application to the FLETC where he stated that this degree was not from an accredited college or university. The Board held that Ebron's "conduct demonstrates he mislead the [A]gency about such things as St. Regis' location and how he determined there were problems with St. Regis' accreditation . . . ." *Ebron*, 2011 M.S.P.B. LEXIS 2023, at *25. The Board's decision is supported by substantial evidence.

## II.

Ebron contends that "[t]he [A]gency failed to demonstrate that it considered all relevant factors and exercised its discretion within tolerable limits of reasonableness," in determining that removal was proper. For the most part, penalty "for employee misconduct is left to the agency's discretion"; therefore, this court's review is "highly deferential." *Webster v. Dep't of Army*, 911 F.2d 679, 685 (Fed. Cir. 1990). "While . . . the penalty must be reasonable in light of the sustained charges, . . . [reasonable in this

context means] the agency's choice of penalty not be grossly disproportionate to the offense." *Id.* at 686 (citations omitted).

Ebron has offered no argument why the penalty is "grossly disproportionate to the offense." The Agency considered "the nature and seriousness of the misconduct and its relation to the appellant's duties, position and responsibilities; whether the offense was intentional, for personal gain and repeated." *Ebron*, 2011 M.S.P.B. LEXIS 2023, at *32; *see Douglas v. Veterans Admin.*, 5 M.S.P.R. 280, 305-06 (1981).[2] The Agency concluded that Ebron "misrepresented his credentials even after he knew that his degree was not from an accredited institution . . . and his lack of a bachelor's degree renders him ineligible to hold a warrant and he is therefore unable to perform the duties of his position." *Ebron*, 2011 M.S.P.B. LEXIS 2023, at *32. Furthermore, the Agency considered the negative impact the misconduct had on the agency's reputation and deemed Ebron had no potential for rehabilitation given his continued receipt of benefits, including promotions he knew he was unqualified for, "while failing to provide accurate and honest information to agency representatives." *Id.* at *33. Moreover, despite mitigating factors, like having no prior disciplinary history, the Agency held that the seriousness of the misconduct warranted removal. *Id.* The Board determination was reasonable and supported by substantial evidence.

## III.

Ebron argues that the Agency erred in disciplining him because it "failed to demonstrate that [his] removal supports the efficiency of service." Ebron contends that because he did a "successful job" and was "a valuable

---

[2] The factors listed in *Douglas* are not exhaustive, and the agency is only required to consider those that are relevant. *Bryant v. Nat'l Sci. Found.*, 105 F.3d 1414, 1418 (Fed. Cir. 1997).

asset and service to the Agency" the agency "failed to establish the requisite nexus between Ebron's misconduct and the efficiency of service."

An agency may discipline an employee "only for such cause as will promote the efficiency of the service," 5 U.S.C. § 7513(a), after demonstrating a "nexus" between the employee's misconduct and "an adverse effect upon the agency's functioning," *Mings v. Dep't of Justice*, 813 F.2d 384, 389-90 (Fed. Cir. 1987). We "apply a deferential review to determinations by the [B]oard as to whether such a nexus has been shown." *Brown v. Dep't of Navy*, 229 F.3d 1356, 1358 (Fed. Cir. 2000).

The Agency concluded that:

As early as January 2006, you knew your degree was not accredited; however you continued your employment with this Federal agency. During the fact finding process, you provided conflicting statements and inaccurate statements which demonstrate a lack of candor. Our confidence in your ability to perform your duties in an honest and ethical manner has been severely compromised. Agencies need the means to remove employees who have misrepresented their qualifications for employment. The public is not well-served by having federal employees who have obtained their credentials from diploma mills, continue in jobs for which they are not qualified.

The Board stated that removal

promotes efficiency of the service when the grounds for the action relate to . . . employee's ability to accomplish his duties satisfactorily. . . . Moreover an agency has a right to expect its workers to be honest, trustworthy, and candid. The appellant's lack of candor strikes at the very heart of the employer-employee relationship.

*Ebron*, 2011 M.S.P.B. LEXIS 2023, at \*30-31. Because the Agency adequately showed Ebron's misconduct affected the trust and confidence the Agency could place in his job performance, *Doe v. Dep't of Justice*, 103 M.S.P.R. 135, 138 (2006), the Board's decision was reasonable and supported by substantial evidence.

## CONCLUSION

Holders of public office are the servants of the people, and as such are held to high standards of honesty and candor. Ebron may have rationalized his conduct in his own mind, but there is substantial evidence that he knew in 2005 that his "degree" was from a diploma mill. His failure to timely reveal that information was dishonest. The Agency had good cause to fire him. *AFFIRM*.