NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PATRICK H. OGUMA,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3053

---

Petition for review of the Merit Systems Protection Board in case no. SF3443110113-I-1.

---

Decided: July 16, 2012

---

PATRICK H. OGUMA, of Keaau, Hawaii, pro se.

LINDSEY SCHRECKENGOST, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before RADER, *Chief Judge*, NEWMAN and REYNA, *Circuit Judges*.

PER CURIAM.

Petitioner *pro se*, Patrick H. Oguma, seeks review of a decision of the Merit Systems Protection Board ("MSPB" or "Board") dismissing his appeal for lack of jurisdiction. Because the Board correctly determined that it lacked jurisdiction, we *affirm*.

I

On November 8, 2010, Mr. Oguma filed a petition with the Board, making numerous allegations including the alleged denial of a retroactive promotion. On November 15, 2010, the administrative judge ordered Mr. Oguma to file evidence and argument on the denial-of-a-promotion claim and to address the timeliness of his appeal. After Mr. Oguma respond to this order, the government moved to dismiss his appeal for lack of jurisdiction. Mr. Oguma argued, *inter alia*, that the Navy had failed to advise him of his eligibility for disability retirement and removed him in retaliation for filing a complaint of disability discrimination. The administrative judge found that Mr. Oguma's responses did not clarify the specific action(s) he aimed to appeal and failed to adequately establish that the Board had jurisdiction.

As a result, on March 3, 2011, the administrative judge issued an Order to Show Cause articulating Mr. Oguma's burden of proof and requesting evidence and/or argument to prove that the Board had jurisdiction over his appeal. In a subsequent order granting Mr. Oguma's motion for an extension of time in which to respond to the Board's Order to Show Cause and another order relating to the timeliness of Mr. Oguma's claims, the administrative judge emphasized that the only issue pending before

it was whether the Board had jurisdiction over the alleged denial of a promotion in 1986. The Order stated that if Mr. Oguma sought to appeal any other agency action, he must file a separate petition for appeal and clearly indicate the nature of his appeal.[1]

On May 18, 2011, the administrative judge dismissed Mr. Oguma's appeal for lack of jurisdiction. According to the administrative judge, the record established that effective January 6, 1985, Mr. Oguma received a promotion from GS-07 position to a GS-09 position. On November 15, 1985, he was reassigned to another GS-09 position because a reorganization had abolished his former position. In response, Mr. Oguma had filed a grievance seeking a retroactive promotion to a GS-11 position on the grounds that he had been expected to perform at a GS-11 level.

Based on these factual findings, the administrative judge determined that the Board lacked jurisdiction because Mr. Oguma could not establish Board jurisdiction over the cancellation of a promotion because he did not allege that he was actually promoted to a GS-11 position and his purported failure to receive a pay raise does not constitute an appealable reduction in pay. The administrative judge concluded that the Board lacked jurisdiction to adjudicate any allegations based on discrimination or prohibited personnel practices because Mr. Oguma did not raise an otherwise appealable action.

Mr. Oguma appealed this decision to the full Board, but the Board denied his petition and the administrative judge's initial decision final became final. The Board concluded, *inter alia*, that despite the administrative

---

[1] The administrative judge also denied Mr. Oguma's request for appointment of counsel and his motion to compel discovery.

judge's attempts to get Mr. Oguma to clarify what actions he aimed to appeal and to set out nonfrivolous allegations that would vest the Board with jurisdiction over his claims, Mr. Oguma failed to satisfy his burden of proof.[2]

This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

This Court shall hold unlawful and set aside any Board action, findings, or conclusions found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction is a question of law reviewed *de novo. See Chadwell v. Merit Sys. Prot. Bd.*, 629 F.3d 1306, 1308-09 (Fed. Cir. 2010). The Board's jurisdiction is limited. It may review an adverse agency action, such as a reduction in pay or grade, a removal, a suspension for more than 14 days, and a furlough of 30 days or less. *See* 5 U.S.C. § 7512(1)-(5).

As the petitioner, Mr. Oguma bears the burden of establishing the Board's jurisdiction by preponderant evidence. *See* 5 C.F.R. § 1201.56(a)(2). Complaints drafted by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995). However, this latitude does not permit a *pro se* plaintiff to subvert the Court's jurisdictional requirements. *Id.*

We conclude that the Board properly denied Mr. Oguma's petition for review. Not only did Mr. Oguma fail to clarify what agency actions he aimed to appeal, but also

---

[2] The Board found the timeliness issue irrelevant since the case was dismissed on jurisdictional grounds.

he did not make non-frivolous factual allegations sufficient to vest the Board with jurisdiction over his appeal despite repeated opportunities to do so.

The Board correctly determined that it lacked jurisdiction over Mr. Oguma's alleged denial of a retroactive promotion. *See* 5 U.S.C. § 7512(1)-(5); *Deida v. Dep't of the Navy*, 110 M.S.P.R. 408, 414 (2009). Because Mr. Oguma did not avail himself of multiple opportunities to clarify the actions he attempted to appeal and raise nonfrivolous jurisdictional facts sufficient to vest the Board with jurisdiction over them, the Board did not err in affirming the administrative judge's decision to limit Mr. Oguma's appeal to his denial of promotion claim and to dismiss his claim for lack of jurisdiction.

Mr. Oguma further alleges that the Board erred in affirming the administrative judge's denial of his motion to have counsel appointed due to his mental and physical conditions. However, Mr. Oguma did not establish that the standards for requesting *pro bono* counsel delineated in *French v. Office of Pers. Mgmt.*, 37 M.S.P.R. 496, 499 (1988), extend beyond retirement appeals. Therefore, the Board did not err.

Finally, Mr. Oguma's remaining allegations regarding discrimination and prohibited personnel practices do not constitute independent bases for Board jurisdiction. *See Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1245 (Fed. Cir. 1991) (en banc). Because these allegations were not raised with an otherwise appealable action, the Board lacked jurisdiction to consider them.

We have considered Mr. Oguma's additional arguments made on appeal and find that they provide no basis for relief. For the foregoing reasons, the decision of the Board is hereby

## AFFIRMED

COSTS

Each party shall bear its own costs.