UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

MICHAEL A. NICHOLS,
          Appellant,

      v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
AT-3443-14-0159-I-1

DATE: October 16, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul G. Miranne, Pensacola, Florida, for the appellant.

Tracey Rockenbach, Esquire, Washington Navy Yard, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant filed an initial appeal pursuant to 5 C.F.R. § 300.104(a) challenging the agency's development and use of the scoring criteria used to fill several positions within the agency's Naval Education and Training Professional Development and Technology Center.  Initial Appeal File (IAF), Tabs 1, 5.  The administrative judge issued a jurisdictional order outlining the appellant's burden to establish the Board's jurisdiction over an employment practices appeal under 5 C.F.R. part 300, IAF, Tab 3, and in response, the appellant alleged that the agency failed to use a professionally-developed job analysis in the course of establishing the scoring criteria used for two job postings, thus resulting in "little relevance between the scoring criteria . . . and the requirements of the position," IAF, Tab 5 at 7.  In his response, the appellant also alleged that the agency developed the scoring criteria in a discriminatory fashion under 5 C.F.R. § 300.103(c) in order to favor a particular female candidate.  *Id*.

¶3        The administrative judge issued an initial decision dismissing the appellant's employment practices appeal for lack of jurisdiction.  IAF, Tab 7, Initial Decision (ID).  In his initial decision, the administrative judge found that the appellant's statements that the agency failed to perform a proper job analysis,

alone, did not constitute nonfrivolous allegations that the challenged action was an employment practice under 5 C.F.R. § 300.104(a), and he further explained that an appellant's statements, without additional support, usually do not constitute nonfrivolous allegations which can establish the Board's jurisdiction. ID at 4.

¶4    The appellant has filed a petition for review arguing that the agency failed to comply with 5 C.F.R. § 1201.25, which requires the agency to submit an agency file with all of the relevant information and that, had the agency complied with this requirement, it would have included a full copy of the report of investigation (ROI) developed by the agency in response to the appellant's equal employment opportunity (EEO) complaint.[2]    Petition for Review (PFR) File, Tab 1 at 2-4.   On review, the appellant also challenges the sufficiency of the administrative judge's order explaining his burden to establish jurisdiction over his appeal, and he further asserts that he intended to use the Board's discovery procedures in order to establish the Board's jurisdiction. *Id*. at 8, 10.   The agency has filed a response to the appellant's petition for review.   PFR File, Tab 3.

¶5    The Board has jurisdiction over an employment practices appeal pursuant to 5 C.F.R. § 300.104(a) when two conditions are met:   first, the appeal must concern an employment practice that the Office of Personnel Management (OPM) is involved in administering; and second, the employment practice must be alleged to have violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103.   *Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 10 (2007).   OPM, however, need not be immediately involved in the practice in question, and an agency's misapplication of a valid OPM requirement may constitute an appealable employment practice action.   *Id*.; *see Prewitt v.*

---

[2] The appellant commenced the instant proceeding by filing an EEO complaint with the agency and filing a Board appeal following the issuance of a final agency decision. IAF, Tab 1; *see* 5 C.F.R. § 1201.154(b).   The administrative judge did not address the issue of the timeliness of the appellant's appeal below; we also do not reach this issue on review.   *See* ID at 5 n.4.

*Merit Systems Protection Board*, 133 F.3d 885, 888 (Fed. Cir. 1998). Importantly, although our reviewing court has emphasized that the term "employment practice" is to be construed broadly, such breadth does not cover "an individual agency action or decision that is not made pursuant to or as part of a rule or practice of some kind." *Prewitt*, 133 F.3d at 887 (citing *Saya v. Department of the Air Force*, 68 M.S.P.R. 493, 496 (1995)).

¶6        We concur with the administrative judge that the appellant has failed to establish the Board's jurisdiction under 5 C.F.R. § 300.104(a). The record reflects that the appellant is challenging the individual selection and scoring criteria developed by the agency, which is unique to a particular position within the agency. IAF, Tab 5 at 7. Based on the evidence in the record, we agree with the administrative judge that the appellant's challenge to the agency's action is better categorized "as an irregularity in the selection process rather than an application of a specific rule, provision, or policy by the agency." *See Prewitt*, 133 F.3d at 887. Thus, differing from cases where an agency has applied OPM's time-in-grade restrictions, or where OPM changed the scoring formula used to score administrative law judge examinations, *see, e.g.*, *Chadwell v. Merit Systems Protection Board*, 629 F.3d 1306, 1311 (Fed. Cir. 2010) (summarizing cases involving appealable employment practices), here, the appellant is challenging the agency's individualized decision to select another candidate for a particular position of employment, IAF, Tab 5 at 7 (arguing that the selection criteria was improperly designed to favor a single applicant). Such a challenge to an agency's individualized hiring decision falls outside of the Board's appellate jurisdiction under 5 C.F.R. § 300.104(a). *See Prewitt*, 133 F.3d at 887 (holding that the agency's action, specific to the appellant, was not an employment practice under 5 C.F.R. part 300); *see also Dow v. General Services Administration*, 590 F.3d 1338, 1343 (Fed. Cir. 2010) (finding that an agency's decision not to select an employee because it found the employee unsuitable was not an appealable employment practice).

¶7        We further find that there is no evidence in the record to support the second jurisdictional element of the appellant's employment practices appeal, i.e., that OPM was involved in the administration of the practice at issue. *See Prewitt*, 133 F.3d at 887-88. In *Prewitt*, the Federal Circuit found that the appellant failed to allege that "OPM was involved in . . . the establishment of allegedly improper minimum qualifications for the position for which he applied." *Id*. at 888. Similar to *Prewitt*, we find that the appellant has failed to allege that OPM was involved in the agency's allegedly improper development of the scoring criteria used to select a female candidate over the appellant. *See, e.g.*, IAF, Tab 5 at 7 (appellant's argument that the agency's misapplication of 5 C.F.R. §§ 300.102 and 300.103 demonstrates the agency's misapplication of a valid OPM requirement). The appellant's bare assertion that the agency misapplied OPM's regulatory requirement that a job analysis be used to identify the basic duties and responsibilities of the position, without more, fails to nonfrivolously establish *how* the agency's job analysis is deficient or *how* the agency misapplied those standards. *See Scott*, 105 M.S.P.R. 482, ¶ 11 (noting that the appellant did not specifically identify which basic requirement she believed the agency violated and how that requirement might have been violated, but remanding to the administrative judge for additional notice of the jurisdictional elements of an employment practices appeal).

¶8        We further find unpersuasive the appellant's reliance on *Holse v. Department of Agriculture*, 97 M.S.P.R. 624 (2004), and his argument that he did not receive proper notice from the administrative judge concerning his jurisdictional burden. The record demonstrates that the administrative judge outlined the pertinent standards needed to establish the Board's jurisdiction over an employment practices appeal and that he provided the appellant with the definition of a nonfrivolous allegation. IAF, Tab 3. We therefore find misplaced the appellant's reliance on *Holse*, which remanded the initial appeal to the administrative judge for a full explanation of the jurisdictional standard needed to

establish an employment practices appeal under *Burgess v. Merit Systems Protection Board*, [758 F.2d 641](#) (Fed. Cir. 1985). Here, the appellant received the proper notice to establish the Board's jurisdiction over his alleged employment practices appeal under 5 C.F.R. part 300, and based on the appellant's allegations, we agree with the administrative judge that the appellant failed to nonfrivolously allege an appealable employment practices appeal. Similarly, because the appellant bears the burden of establishing the Board's jurisdiction over his appeal, we find no error in the agency's alleged failure to comply with [5 C.F.R. § 1201.25](#).[3] *See* [5 C.F.R. § 1201.56](#)(a)(2)(i) (the appellant bears the burden of proof on issues of jurisdiction).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* [5 U.S.C. § 7703](#)(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, [931 F.2d 1544](#) (Fed. Cir. 1991).

---

[3] The appellant, for example, presumably had a copy of the agency's ROI and could have submitted portions of it in response to the administrative judge's jurisdictional order. Moreover, to the extent that the appellant is challenging the sufficiency of the agency's investigation into his complaint of discrimination, the Board is without authority to review the substance of these allegations in this case.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.