# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAUL G. MIRANNE,
                 Appellant,

         v.

DEPARTMENT OF THE NAVY,
               Agency.

DOCKET NUMBER
AT-3443-13-0527-B-1

DATE: February 27, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul G. Miranne, Pensacola, Florida, pro se.

Tracey Rockenbach, Esquire, Washington Navy Yard, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1       The appellant has filed a petition for review of the remand initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2   The appellant filed an initial appeal challenging the agency's merit promotion criteria pursuant to 5 C.F.R. § 300.104(a). Initial Appeal File, Tab 1. Following our decision in *Miranne v. Department of the Navy*, 121 M.S.P.R. 235 (2014), the administrative judge issued a supplemental acknowledgment order providing the parties an additional opportunity to submit evidence and argument concerning the Board's jurisdiction over this appeal.[2] Remand Appeal File (RAF), Tab 2. After considering the parties' original and supplemental submissions, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant's challenge to the agency's selection criteria was in fact a challenge to the agency's individualized hiring decision and thus outside of the Board's appellate jurisdiction under 5 C.F.R. Part 300. RAF, Tab 6, Remand Initial Decision (RID) at 5-6. The appellant has filed a petition for review of the remand initial decision. Remand Petition for Review (RPFR) File, Tab 1. The agency has not filed a response.

---

[2] In our prior Opinion and Order, we found that the appellant's initial appeal was timely filed with the regional office after he received a final agency decision from the agency. *See Miranne*, 121 M.S.P.R. 245, ¶¶ 16-17.

¶3        The Board has jurisdiction over an employment practices appeal pursuant to 5 C.F.R. § 300.104(a) when two conditions are met: first, the appeal must concern an employment practice that the Office of Personnel Management (OPM) is involved in administering; and second, the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010). OPM, however, need not be immediately involved in the practice in question, and an agency's misapplication of a valid OPM requirement may constitute an appealable employment practice action. *Id.*, ¶ 7; *see Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 888 (Fed. Cir. 1998). Although the term "employment practice" is to be construed broadly, such breadth does not cover "an individual agency action or decision that is not made pursuant to or as part of a rule or practice of some kind." *Prewitt*, 133 F.3d at 887.

¶4        We agree with the administrative judge that the appellant has failed to identify an employment practice that OPM administers or an OPM requirement that the agency misapplied, and find that the jurisdictional dismissal of the appeal was thus proper. RID at 5-6. In support of his appeal, the appellant argued that the agency failed to comply with 5 C.F.R. § 300.103 by failing to develop selection criteria based on a professionally developed job analysis. *See* RAF, Tab 4 at 2-3, 9; RPFR File, Tab 1 at 9-10. Whether an agency relied upon a professionally developed job analysis is a basic requirement of a valid employment practice, such as a scoring formula, time-in-grade requirement, or qualification standard for a position series. *See Chadwell v. Merit Systems Protection Board*, 629 F.3d 1306, 1311 (Fed. Cir. 2010); *Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶¶ 13-14 (2007), *modified on other grounds by* 110 M.S.P.R. 122, ¶ 7 (2008). Here, however, the appellant has only asserted that the agency failed to use a professional job analysis to develop the criteria for the promotional opportunity at issue. RAF, Tab 5 at 9. Because the appellant has

failed to allege that OPM was involved in developing or administering the alleged invalid criteria used by the agency, or that the agency misapplied an employment practice in the course of its merit promotion determination, his appeal is best characterized as a challenge to the agency's individualized hiring decisions, which purportedly favored a select group of female applicants. *See Prewitt*, 133 F.3d at 887-88; *see also Sauser*, 113 M.S.P.R. 403, ¶ 8 (the agency's assessment of the appellant's qualifications was based on OPM's general engineer qualification standards and was considered an employment practice); *Mapstone*, 106 M.S.P.R. 691, ¶ 14 (the agency's decision that the appellant was not qualified was based on OPM's qualification standards and education requirements for the position series, thus constituting an employment practice). We concur with the administrative judge that the appellant's allegations fail to establish the Board's jurisdiction over an employment practices appeal.

¶5        Finally, to the extent that the appellant argues that the administrative judge should have recused himself, we find no evidence of administrative judge bias, and we agree with the administrative judge's denial of the appellant's motion to recuse. *See* RID at 1 n.1; RAF, Tab 5. Neither the administrative judge's prior initial decision dismissing the appellant's appeal as untimely, nor the instant remand initial decision dismissing the appellant's appeal for lack of jurisdiction, call into question the presumption of honesty and integrity which accompanies administrative adjudicators. *See Smith v. U.S. Postal Service*, 81 M.S.P.R. 443, ¶¶ 4, 6 (1999) (case-related rulings do not serve as a basis for recusal).

¶6        The administrative judge's jurisdictional dismissal of the appellant's appeal is AFFIRMED.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.