# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARK R. MACPHERSON,
           Appellant,

      v.

DEPARTMENT OF THE TREASURY,
           Agency.

DOCKET NUMBER
SF-300A-14-0385-I-1

DATE: September 1, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mark R. MacPherson, Honolulu, Hawaii, pro se.

Emily Urban, Esquire, San Francisco, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this employment practices appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 An applicant for employment who believes that an employment practice applied to him by the Office of Personnel Management (OPM) violates a basic requirement set forth in 5 C.F.R. § 300.103 is entitled to appeal to the Board. 5 C.F.R. § 300.104(a). The Board has jurisdiction under 5 C.F.R. § 300.104(a) when two conditions are met: first, the appeal must concern an employment practice that OPM is involved in administering; and second, the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *E.g.*, *Meeker v. Merit Systems Protection Board*, 319 F.3d 1368, 1373 (Fed. Cir. 2003); *Mapstone v. Department of the Interior*, 110 M.S.P.R. 122, ¶ 7 (2008). In certain circumstances, OPM's involvement in an agency's selection process may be sufficient to characterize a nonselection action by that agency as a practice applied by OPM. *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 888 (Fed. Cir. 1998). For that prerequisite to be satisfied, however, OPM's involvement in the selection process must be significant. *Id.*

¶3	Additionally, in order for the Board to have jurisdiction over an employment practices appeal, it is "necessary that the challenged employment practice have been applied to the applicant as the basis for the adverse hiring decision." *Dow v. General Services Administration*, 590 F.3d 1338, 1342 (Fed. Cir. 2010); *see* 5 C.F.R. § 300.104(a) (an applicant is entitled to relief from an unlawful employment practice that "was applied to him"). An agency's misapplication of a valid OPM requirement may constitute an employment practice, but an individual agency action or decision that is not a rule or practice of some kind does not qualify as an employment practice. *E.g.*, *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 7 (2010).

¶4	In this employment practices appeal, the appellant alleged that the work product knowledge and skill assessment (WPKSA) and scoring formula that the agency used in the selection process for merit promotion announcement 13CE-CIN0108-1811-13-RB violated the basic requirements for employment practices set forth in 5 C.F.R. § 300.103. Initial Appeal File (IAF), Tab 1 at 5. The appellant also argued that the agency misapplied the requirements of 5 C.F.R. § 335.103. *Id.* He waived his right to a hearing, the administrative judge set the close of the record, and the parties each made their final submissions. IAF, Tabs 13, 30-34.

¶5	In her initial decision, the administrative judge found that both the WPKSA and the scoring formula used by the agency were employment practices as defined by 5 C.F.R. § 300.101, but that an agency task force, not OPM, developed and implemented the selection process at issue. IAF, Tab 35, Initial Decision (ID) at 4-7. Although the agency reviewed OPM's analyses and guidance in creating the standards that it applied to the appellant, the administrative judge found that the appellant's challenge involved the agency's independent actions, not the OPM source materials. ID at 7. The administrative judge also found that, contrary to the appellant's assertion, OPM was not significantly involved in Phase 1 of the assessment process, in that the actions that the appellant cited as demonstrating

OPM's involvement all related merely to the agency's use of OPM's USAJOBS website to post the vacancy and accept the applications as part of the first phase of the hiring process. ID at 8. Moreover, the administrative judge noted that, because the appellant did not challenge any portion of Phase 1, OPM's involvement in that phase would not establish its involvement in the employment practices challenged in this appeal, i.e., the WPKSA in Phase 2, and the agency's alleged failure to consider the appellant's performance appraisals and incentive awards. ID at 8-9. The administrative judge similarly found that the Board lacked jurisdiction over the appellant's allegations that the WPKSA and scoring formula were not based on a job analysis or professionally developed as required by 5 C.F.R. § 300.103, because the agency, not OPM, applied those employment practices to him. The administrative judge, therefore, found these allegations must be addressed in the agency grievance process. ID at 10 (citing 5 C.F.R. § 300.104(c)).

¶6      Regarding the appellant's claim that the agency misapplied 5 C.F.R. § 335.103, Requirement 3, because it failed to give due weight to performance evaluations and incentive awards in the merit promotion process, the administrative judge determined that the agency did not apply that employment practice to the appellant because such materials were considered following Phase 3 of the assessment process, which occurred after the agency eliminated the appellant from consideration. ID at 9-12. Likewise, the administrative judge found no jurisdiction over the appellant's claim that the agency's choice to include candidates rated Highly Qualified in addition to those deemed Best Qualified in Phase 3 of the assessment process violated 5 C.F.R. § 335.103, Requirement 4, which essentially requires agency promotion programs to identify the best qualified candidates for selection. ID at 12. Again, the administrative judge noted that the agency did so after it had eliminated the appellant, and the administrative judge found no evidence to indicate OPM's involvement during this phase of the selection process. ID at 12-13. Finally, the administrative judge

found that, in any event, the Board lacked jurisdiction over the appellant's claims that the agency engaged in harmful procedural error in the selection process and committed a prohibited personnel practice. *Id.*

¶7    In his petition for review, the appellant reiterates his argument that the agency failed to ensure that the methods it used to evaluate candidates for promotion were consistent with 5 C.F.R. § 300.103. Petition for Review (PFR) File, Tab 1 at 6-10. He argues that the WPKSA and scoring formula were based on OPM work products such that it was sufficiently involved in administering those employment practices. *Id.* at 7. He again contends that the agency misapplied a valid employment practice, explaining that the agency did not base the Investigative Techniques competency for the position at issue on a job analysis as required by 5 C.F.R. § 300.103(a). *Id.* The appellant also reiterates his argument that the agency failed to give due weight to performance appraisals and incentive awards in the ranking and selection of candidates for the position at issue in this appeal and disagrees with the administrative judge's finding that OPM's involvement in those actions was not sufficiently significant to characterize either action as an employment practice administered by OPM. *Id.* at 10-24. The agency has responded in opposition. PFR File, Tab 3.

¶8    We agree with the administrative judge that the appellant has failed to identify an employment practice that OPM is involved in administering or an OPM requirement that the agency misapplied,[2] and we find that she properly dismissed the appeal for lack of jurisdiction. Whether an agency relied upon a professionally developed job analysis is a basic requirement of a valid

---

[2] In this context, the Board has found that the "misapplication of a valid OPM requirement" does not mean that the agency inaccurately evaluated a candidate using a valid OPM requirement. Rather, it means that the very application of the requirement to the candidate violated one of the basic requisites of 5 C.F.R. § 300.103. In other words, "misapplication of a valid OPM requirement" refers to the applicability of a requirement, rather than to the method of its application. *See, e.g.*, *Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 11 (2007).

employment practice, such as a scoring formula or qualification standard for a position series. *See Chadwell v. Merit Systems Protection Board*, 629 F.3d 1306, 1311 (Fed. Cir. 2010); *Mapstone v. Department of the Interior*, 106 M.S.P.R. 691, ¶¶ 13-14 (2007), *modified on other grounds by* 110 M.S.P.R. 122, ¶ 7 (2008). Here, the appellant has only asserted that the agency failed to use a professional job analysis to develop one criteria for the promotional opportunity at issue. PFR File, Tab 1 at 7. Because the appellant has failed to allege that OPM was involved in developing or administering the alleged invalid criteria used by the agency, or that the agency misapplied an employment practice in the course of its merit promotion determination, his appeal is best characterized as a challenge to the agency's individualized hiring decisions. *See*, *e.g.*, *Prewitt*, 133 F.3d at 887-88 (OPM not involved in the establishment of allegedly improper minimum qualifications); *cf. Sauser*, 113 M.S.P.R. 403, ¶ 8 (the agency's assessment of the appellant's qualifications was based on OPM's general engineer qualification standards and was considered an employment practice); *Mapstone*, 106 M.S.P.R. 691, ¶ 14 (the agency's decision that the appellant was not qualified was based on OPM's qualification standards and education requirements for the position series, thus constituting an employment practice). The appellant's citation to *Azdell v. Office of Personnel Management*, 87 M.S.P.R. 133 (2000), and to *Morris v. Office of Personnel Management*, 14 M.S.P.R. 578 (1983), do not assist him in establishing jurisdiction over his appeal because, unlike the instant matter, OPM was directly involved in the challenged employment practice in both of the cited cases. PFR File, Tab 1 at 8, 12.

¶9      As for the appellant's claim that the agency failed to give due weight to his performance evaluations and incentive awards, the appellant's own argument explicitly states that the agency took these actions, not OPM. PFR File, Tab 1 at 11. Moreover, because the record indicates that the agency utilized this factor after it had eliminated the appellant, ID at 10-11, even if the appellant had somehow established OPM's involvement, the appellant fails to show that the

agency applied the employment practice to him. The same is true for the appellant's contention that the agency improperly considered those applicants found to be "Highly Qualified" in addition to those deemed "Best Qualified," *e.g.*, PFR File, Tab 1 at 15, and the appellant also fails to identify a valid OPM requirement that the agency misapplied to him.

¶10     Accordingly, we concur with the administrative judge that the appellant failed to establish Board jurisdiction over his employment practices appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.