James B. DOWD, Jr., Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, DEPARTMENT OF the ARMY, Respondent.

Appeal No. 84–902.

United States Court of Appeals, Federal Circuit.

Oct. 9, 1984.

James B. Dowd, Jr., pro se.

R. Anthony McCann, Washington, D.C., for respondent.

Before MILLER, Circuit Judge, SKELTON, Senior Circuit Judge, and NIES, Circuit Judge.

PER CURIAM.

Petitioner originally appealed to the Merit Systems Protection Board (MSPB or Board) from an action by the Department of the Army rating him ineligible for a position as a GS–12 Supervisory Operations Research Analyst. Petitioner claimed that time-in-grade restrictions had been improperly applied to him, resulting in the Army's refusal to consider him for the position.

The MSPB dismissed the appeal for lack of jurisdiction, citing *Hellman v. OPM*, 9 M.S.P.B. 839 (1982), which held that the validity of time-in-grade restrictions is not an appealable matter because the application of the restrictions does not constitute an "employment practice" within the meaning of 5 C.F.R. § 300.101.[1] On appeal,[2] this court, in a split decision of the panel, held that the Board had read the definition of "employment practices" too narrowly and that "an examination of the language and structure of the relevant provisions [of the regulations]" compels an opposite conclusion. The dissent was directed to the question which is resolved here.

On remand, the Board held, *inter alia*, that it lacked jurisdiction over the appeal under 5 C.F.R. § 300.104(a), which reads as follows:

A candidate who believes that an employment practice *which was applied to him or her by the Office of Personnel Management* violates a basic requirement in § 300.103 is entitled to appeal to the Merit Systems Protection Board under the provisions of its regulations. [Emphasis added.]

The Board reasoned that, since OPM played no part in the ineligible rating given to petitioner by the Department of the Army, *OPM had not applied* any employment practice to petitioner. We agree. In the prior appeal, this issue was not the basis for the MSPB decision, and the circumstances of OPM's involvement were, thus, not fully presented in the first appeal. It is now known that OPM had simply been brought into the case by the MSPB as the only possible respondent under the above regulation. The record shows that OPM has, from the beginning, challenged the jurisdiction of the board on this basis, and that the MSPB did not rule on this particular challenge in the first instance, having disposed of the case on other jurisdictional grounds.

The decision of the MSPB that it lacks jurisdiction over the appeal for the reason discussed above is, therefore, *affirmed*.

AFFIRMED.

1. 5 C.F.R. § 300.101 provides, in pertinent part: For the purpose of this subpart, the term "employment practices" includes the development and use of examinations, qualification standards, tests, and other measurement instruments.

2. Reported, *Dowd v. U.S.* at 713 F.2d 720 (Fed. Cir.1983).