Raymond G. LACKHOUSE, Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Internal Revenue Service, and Office of Personnel Management, Respondents.

Appeal No. 85–2141.

United States Court of Appeals, Federal Circuit.

Sept. 23, 1985.

**314**

extent.) Petitioner has appealed, once again, to this court. We now hold that the MSPB did have jurisdiction but that the presiding official correctly held in his decision that petitioner was entitled to no relief from the MSPB.

Raymond G. Lackhouse, pro se.

Evangeline W. Swift, Gen. Counsel, Mary L. Jennings, Associate Gen. Counsel for Litigation and Paul G. Streb, Merit Systems Protection Agency, Washington, D.C., submitted for respondent Merit Systems Protection Bd.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted on behalf of respondents Office of Personnel Management and I.R.S.

James S. Green, Asst. Gen. Counsel and Garry M. Ewing, Office of Gen. Counsel, Office of Personnel Management, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, DAVIS and BISSELL, Circuit Judges.

DAVIS, Circuit Judge.

We face a reprise of petitioner Raymond Lackhouse's claim that, as a veteran preference eligible, he was illegally refused selection for a post by the Internal Revenue Service (IRS). In our first decision, we held the then record too sparse and inadequate for us even to consider the position of the Merit Systems Protection Board (MSPB or Board) that it lacked jurisdiction over this case, and therefore we vacated the Board's initial decision and remanded for full further proceedings. *Lackhouse v. Merit Systems Protection Board,* 734 F.2d 1471 (Fed.Cir.1984). On remand, the Board's presiding official held a hearing and concluded again that the Board had no jurisdiction.[1] (The presiding official did, however, also consider the merits to some

1. The MSPB Docket No. is SF300A8111043.

## I.

The facts are undisputed. In 1981 the IRS requested from the Office of Personnel Management (OPM) a civil service certificate for 78 Revenue Officer, GS–7 positions, at 11 Southern California locations. OPM issued a certificate with 378 names, and after an availability questionnaire to those individuals IRS determined that 77 were available for at least one of the desired locations. Using those individuals, and their civil service rankings, IRS created a "spreadsheet" listing each available certified eligible in rank order, and showing the locations for which he or she was available. IRS then proceeded to make appointments at the various desired locations, each time considering the then top three eligibles (available for the particular location) who had not previously been selected. But IRS also utilized 5 C.F.R. § 332.405 (the "rule of three"), permitting an appointing officer to drop from consideration "an eligible who has been considered by him for three separate appointments from the same or different certificates for the same position." That is, an eligible who had been considered three separate times, but was not selected during those three considerations, was dropped from further consideration.

Lackhouse (who claims preference eligibility) was in 17th place out of the 77 names, and he had listed himself for each of the 11 locations. He was properly considered, in order, for three appointments at three different places, but was not selected. In none of these three selections was he passed over in favor of a lower-ranked non-preference eligible. After petitioner had been considered and non-selected those three times, IRS eliminated him from fur-

ther consideration (just as it did with other comparably situated listees). After IRS had made 20 appointments from the OPM certificate, it was returned to OPM without making any more Revenue Officer appointments.

Petitioner then appealed to the MSPB, urging *inter alia* that (1) the so-called "rule of three" which IRS applied to him pursuant to the explicit OPM regulation was invalid because in conflict with the Veterans' Preference Act, and (2) IRS' use of the "spreadsheet" was improper. Those two claims are still pressed before us, but before we consider them we shall discuss the MSPB's determination that it lacked jurisdiction of Lackhouse's case.

## II.

■ The Board's appellate jurisdiction is, as has been repeatedly held, limited to those actions made appealable to it by law, rule or regulation. 5 U.S.C. § 1205(a)(1); *Cowan v. United States*, 710 F.2d 803, 805 (Fed.Cir.1983). In this instance Lackhouse's claim is that he was the victim of improper employment practices—the use of the "spreadsheet" and application of the "rule of three."[2] The MSPB's jurisdiction over that type of appeal stems from 5 C.F.R. § 300.104(a) which provides:

A candidate who believes that an employment practice which was applied to him or her by the Office of Personnel Management violates a basic requirement in § 300.103 [including any employ-

ment practice discriminatory in a "non-merit" factor] is entitled to appeal to the Merit Systems Protection Board under the provisions of its regulations.

*See Dowd v. Office of Personnel Management,* 745 F.2d 650, 651 (Fed.Cir.1984).

■ The presiding official below held that neither the use of the "spreadsheet" nor use of the "rule of three" was applied to Lackhouse *by the Office of Personnel Management*—but rather by the IRS alone—and accordingly that there is no jurisdiction in the MSPB under 5 C.F.R. § 300.104(a), *supra.* We differ with this result (as to the "rule of three" regulation) because OPM promulgated the "rule of three"—5 C.F.R. § 332.405, *supra*—which directly and specifically authorized IRS to refuse to consider further *any* civil service eligible previously considered by the same appointing officer from the same or a different certificate for the same position. Without doubt OPM's unqualified adoption of the regulation expressly allowed IRS to follow the allegedly improper employment practice of disregarding Lackhouse's veterans' employment preference. It was OPM's explicit authorization that impelled IRS to act as it did.[3]

It follows that the MSPB presiding official erred in saying that the Board lacked jurisdiction over the question of the validity of the "rule of three" (5 C.F.R. § 332.405) as applied to veteran preference eligibles. MSPB did have that precise authority.[4]

---

**2.** Petitioner also says he was improperly "passed over" in favor of a lower-ranked non-preference eligible, but the facts show that that was not true in this case. He was never "passed over" in favor of a non-veteran, and IRS never had any occasion to submit reasons for such a "pass-over" to OPM under 5 U.S.C. § 3318(b)(1). Nor was Lackhouse ever determined to be ineligible for further consideration under 5 U.S.C. § 3317(b) (which calls for three "pass-overs" in favor of a non-veteran). The latter situation is also not at all involved in this case.

**3.** In its brief, MSPB argues that *Dowd, supra,* implicitly refused to accept in that case the OPM promulgation of a regulation as an adequate basis for Board jurisdiction under 5 C.F.R. § 300.104(a), but the critical distinction is that the general *Dowd* regulation was nowhere near

as explicit, direct, and specific as the "rule of three," and it could well be said in that case that "OPM played no part in the ineligible rating given to petitioner by the Department of the Army." 745 F.2d at 651. In the current case, in contrast, it would be wholly fanciful and unrealistic to say that OPM's promulgation of the "rule of three" "played no part" in Lackhouse's elimination from consideration. Rather, it was the direct cause of that action.

**4.** IRS' use of the "spreadsheet" was obviously not a practice applied to Lackhouse *by OPM* under 5 C.F.R. § 300.104(a) but, in any event, the presiding official was quite correct that the "spreadsheet" fully accorded with standard OPM and civil service practices. There was no unlawful act or practice as to petitioner.

### III.

There is, of course, a plain difference between the existence of jurisdiction in the tribunal and a petitioner's failure to state a claim on which relief can be granted. "As frequently happens where jurisdiction depends on subject matter, the question whether jurisdiction exists has been confused with the question whether the complaint states a cause of action." *Montana-Dakota Utilities Co. v. Northwestern Public Service Co.,* 341 U.S. 246, 249, 71 S.Ct. 692, 694, 95 L.Ed. 912 (1951). *See also Ralston Steel Corp. v. United States,* 340 F.2d 663, 667–69 (Ct.Cl.), *cert. denied,* 381 U.S. 950, 85 S.Ct. 1803, 14 L.Ed.2d 723 (1965). In this case, we must likewise hold that, though the Board did have jurisdiction, Lackhouse has no remediable claim because the "rule of three" was validly adopted under the Civil Service Reform Act and preexisting legislation, clearly survived the Veterans' Preference Act, and was lawfully applied to petitioner.

■ There is, first of all, no facial conflict between the "rule of three," now embodied in 5 C.F.R. § 332.405, and the portions of the Civil Service Reform Act dealing with veterans' preference in the civil service. In particular, § 3318(b)(1) prohibits only the passing over of preference eligibles in favor of lower ranked non-preference employees—an action which did not occur here—and deals with no other interrelation of veterans' preference and job selection. Similarly, § 3317(b) treats only with discontinuance of certification of a preference eligible who has been three times passed over for a lower-ranking non-

preference eligible (which, as we have already observed, also did not happen here) —a process which is quite distinct from the historic "rule of three" for all civil service applicants.[5]

Second, the long history of the "rule of three" (or its analogue) shows that it has always co-existed with veterans' preference in the civil service. The civil service rules contained in the First Annual Report of the Civil Service Commission provided that "[n]o person upon any register shall be certified more than four times to the same office in the customs or postal service, or more than twice to any department in Washington, unless upon request of the appointing officer...." United States Civil Service Commission, *First Ann. Rpt.,* Appendix No. 2, Rule XVI(4) (1884). In 1886 this was reduced to three considerations. United States Civil Service Commission, *Third Ann. Rpt.,* Appendix No. 2, Rule XVI(4) (1886). These specific rules coexisted with contemporary recognition of veterans' preference. *Id.,* Rule XI; *First Ann. Rpt., supra,* Rule XI.

Nor did the Veterans' Preference Act of 1944, 58 Stat. 389, alter this coexistence.[6] The former Civil Service Commission, which administered the Veterans' Preference Act (with respect to the civil service), contemporaneously promulgated a regulation which was substantially the same as current 5 C.F.R. § 332.405. *See* 5 C.F.R. § 18.4(c) (1944). This early and continued Commission (and OPM) interpretation of the Act should be given great deference (*United States v. Clark,* 454 U.S. 555, 565– 66, 102 S.Ct. 805, 811–12, 70 L.Ed.2d 768

---

Lackhouse seems to urge that the Board has general jurisdiction (under Reorganization Plan No. 2 of 1978, 92 Stat. 3783), over *all* veterans' preference matters, but it is clear that this is not so. Section 1302 of Title 5, U.S.C., gives this general authority to the OPM, and MSPB has appellate jurisdiction only over the matters specifically given it by law, rule, or regulation.

5. Petitioner, who is *pro se,* confuses a "pass-over" of a veteran by a non-veteran under §§ 3317(b) and 3318(b)(1) with the "rule of three" which applies, independently of such a "pass-over," to *all* civil service "eligibles."

6. That Act's legislative history does not deal directly with "the rule of three," but Congress was generally aware of prior civil service practices with respect to veterans, and did not exhibit any desire to depart radically from the then-prevailing civil service rules. S.Rep. No. 907, 78th Cong., 2d Sess. 1 (1944); 90 Cong.Rec. 3503 (Rep. Rees); *id.* at 3505 (Rep. Ramspech). In its consideration of the Act, Congress did not mention an exemption from the "rule of three" among the "principal changes from existing practices...." H.R. 1289, 78th Cong., 2d Sess. 3–4 (1944).

---

(1982)), especially since there is no contrary indication in statute, regulation, legislative history, or practice.

We have to conclude, therefore, that 5 C.F.R. § 332.405—the current "rule of three"—is lawful and was rightly applied to petitioner Lackhouse.

The end-result is that we reverse the Board's holding that it lacked jurisdiction over Lackhouse's appeal but we need not remand because the only issue we find within MSPB jurisdiction is purely legal and the presiding official discussed and correctly decided that very issue (though he erroneously thought he had no jurisdiction to do so). As to that aspect of the MSPB decision, we affirm.

REVERSED AS TO LACK OF JURISDICTION, AFFIRMED AS TO THE MERITS.