George Dunbar PREWITT,
Jr., Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 97–3372.

United States Court of Appeals,
Federal Circuit.

Decided Jan. 6, 1998.

Rehearing Denied; Suggestion for
Rehearing In Banc Declined
Feb. 11, 1998.

George D. Prewitt, Jr., of Greenville, MS, pro se.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. Of counsel were Mary L. Jennings, General Counsel and Martha E. Schneider, Assistant General Counsel.

Before RICH, LOURIE, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

Petitioner George Dunbar Prewitt, Jr., appealed to the Merit Systems Protection Board from a decision of the Army Corps of Engineers not to hire him for a position he had sought. The Board dismissed his appeal for lack of jurisdiction. We conclude that the Board correctly determined that it had neither original nor appellate jurisdiction over Mr. Prewitt's claims, and we therefore affirm the Board's order of dismissal.

I

On October 3, 1996, the Corps of Engineers (the agency) rejected Mr. Prewitt's application for the position of Equal Opportunity Assistant. In response, Mr. Prewitt, an African–American veteran with a 30 percent or greater service-connected disability, filed a complaint with the agency. The complaint charged the agency with race, sex, and age discrimination, and with failing to follow veterans preference statutes and regulations. After the agency upheld its initial nonemployment decision, Mr. Prewitt filed a formal complaint with the agency and an appeal with the Merit Systems Protection Board.

In an order dated December 13, 1996, the administrative judge informed Mr. Prewitt that the Board might not have jurisdiction over his case and directed him to show that his appeal fell within the Board's jurisdiction. Mr. Prewitt's response cited numerous statutory provisions and regulations that he claimed gave the Board jurisdiction. The administrative judge was not persuaded, however, and he dismissed Mr. Prewitt's appeal on the ground that the Board does not have jurisdiction over an agency's non-selection of an individual for a federal position. The full Board subsequently denied Mr. Prewitt's petition for review of the administrative judge's decision.

II

The Board's jurisdiction is not plenary; rather, it is limited to actions designated as appealable to the Board "under any law, rule, or regulation." 5 U.S.C. § 7701(a). *See Martinez v. Merit Sys. Protection Bd.*, 126 F.3d 1480, 1482 (Fed.Cir.1997). Mr. Prewitt has the burden of establishing the Board's jurisdiction. *See* 5 C.F.R. § 1201.56(a)(2).

An agency's failure to select an applicant for a vacant position is generally not appealable to the Board. *See Ellison v. Merit Sys. Protection Bd.*, 7 F.3d 1031, 1034 (Fed.Cir.1993) (non-selection for promotion); *Diamond v. United States Postal Serv.*, 51 M.S.P.R. 448, 450 (1991) (non-selection for appointment), *aff'd*, 972 F.2d 1353 (Fed.Cir. 1992) (table). Thus, claims of unlawful conduct in the selection process ordinarily must be brought before other forums. *See, e.g.*, 5 C.F.R. § 300.104(b). There are exceptions to that general rule, however. For example, the Whistleblower Protection Act gives the Board jurisdiction over an individual's claim that he was denied an appointment or a promotion because of a disclosure covered by 5 U.S.C. § 2302(b)(8). *See* 5 U.S.C. § 1221(a); *Ellison*, 7 F.3d at 1034; *Di Pompo v. Department of Veterans Affairs*, 62 M.S.P.R. 44, 47 (1994); *Slake v. Department of the Treasury*, 53 M.S.P.R. 207, 210 (1992).

Mr. Prewitt contends that the general rule that the Board lacks jurisdiction over a claim of non-selection is inapplicable in his case. The particular claims that he has raised, he argues, fall within both the original and appellate jurisdiction of the Board. The pertinent statutes and regulations, however, do not support his contention.

The Board has original jurisdiction to review rules and regulations issued by the Of-

fice of Personnel Management (OPM). *See* 5 U.S.C. § 1204(f)(1); *Clark v. Office of Personnel Management,* 95 F.3d 1139, 1141–42 (Fed.Cir.1996). In exercising that jurisdiction, the Board is authorized to declare OPM rules and regulations invalid if their implementation requires agencies to commit prohibited personnel practices, as defined in 5 U.S.C. § 2302(b). *See* 5 U.S.C. § 1204(f)(2); *Hill v. Department of the Army,* 59 M.S.P.R. 303, 304 (1993).

Mr. Prewitt alleges that in not selecting him for the vacant position, the agency engaged in the following prohibited personnel practices: race and sex discrimination, *see* 5 U.S.C. § 2302(b)(1)(A), age discrimination, *see* 5 U.S.C. § 2302(b)(1)(B), failure to comply with veterans preference requirements, *see* 10 U.S.C. § 1599c; 5 U.S.C. §§ 1302(b) and 3318(b), and failure to comply with other merit system principles, including veterans readjustment appointments, *see* 5 U.S.C. §§ 2302(b)(11) and 2301(b)(1); 38 U.S.C. § 4214.

■ Although Mr. Prewitt identifies the prohibited personnel practices that are at issue in this case, he does not specify which OPM regulations he is challenging, nor does he describe how any OPM regulations require agency employees to commit those prohibited personnel practices. 5 C.F.R. §§ 1203.1(a), 1203.11(b)(1). *See Hill,* 59 M.S.P.R. at 304; *Welber v. Office of Personnel Management,* 52 M.S.P.R. 23, 25 (1991); *Scipio v. Department of the Navy,* 24 M.S.P.R. 337, 339 (1984). Accordingly, he has failed to show that the Board has original jurisdiction in his case.

Mr. Prewitt's invocation of the Board's appellate jurisdiction fares no better. He points to 5 C.F.R. § 1201.3(a)(19), which grants the Board jurisdiction over employment practices administered by OPM "to examine and evaluate the qualifications of applicants for appointment in the competitive service." Section 1201.3(a)(19) in turn refers to 5 C.F.R. § 300.104, which limits the Board's jurisdiction to "employment practice[s] ... applied to [a candidate] by the Office of Personnel Management." 5 C.F.R. § 300.104(a). To satisfy his jurisdictional burden under that provision, Mr. Prewitt

must show (1) that the actions in question constitute employment practices, and (2) that OPM is involved in the administration of those practices. Mr. Prewitt has not satisfied either component of section 300.104(a).

■ One of the "practices" that Mr. Prewitt challenges in this case is the alleged error by an agency employee in misidentifying Mr. Prewitt's race and the race of other applicants for the Equal Opportunity Assistant position. This court has held that "employment practice" is to be construed broadly and should not be restricted to the "examinations, measurement tools, and qualifications relating to merit" referred to in 5 C.F.R. § 300.101. *Maule v. Merit Sys. Protection Bd.,* 812 F.2d 1396, 1399 (Fed.Cir.1987); *see Dowd v. United States,* 713 F.2d 720, 723–24 (Fed.Cir.1983). However, an individual agency action or decision that is not made pursuant to or as part of a rule or practice of some kind does not qualify as an "employment practice." *Saya v. Department of the Air Force,* 68 M.S.P.R. 493, 496 (1995). *Compare Banks v. Department of Agriculture,* 59 M.S.P.R. 157 (1993) (failure to consider all relevant education and experience, and other alleged irregularities in the selection process do not constitute an employment practice), *aff'd,* 26 F.3d 140 (Fed.Cir.1994) (table), *with Dowd v. United States,* 713 F.2d at 724 (application of time-in-grade restrictions is an employment practice), *and Lackhouse v. Merit Sys. Protection Bd.,* 773 F.2d 313, 315 (Fed.Cir.1985) (application of "rule of three" provision specified in 5 C.F.R. § 332.405 is an employment practice). The racial misidentification alleged by Mr. Prewitt in this case is more aptly characterized as an irregularity in the selection process rather than an application of a specific rule, provision, or policy by the agency. As such, the alleged misidentification is not an employment practice that is appealable to the Board under 5 C.F.R. § 300.104(a).

■ Mr. Prewitt also challenges the agency's failure to maintain employee selection records and its use of allegedly inappropriate minimum qualification standards for the Equal Opportunity Assistant position. He has not satisfied his burden of establishing Board jurisdiction with respect to those

practices, however, because he has not shown that OPM was involved in the administration of either of those practices. While early MSPB cases held that non-selection by an agency could never be designated as an action for which OPM was responsible, *see, e.g., Carroll v. EEOC,* 6 MSPB 198, 6 M.S.P.R. 228, 230–31 (1981), this court has held that in certain circumstances, OPM's involvement in an agency's selection process may be sufficient to characterize a non-selection action by that agency as a practice applied by OPM. For that prerequisite to be satisfied, however, OPM's involvement in the selection process must be significant. *Compare Maule v. Merit Sys. Protection Bd.,* 812 F.2d at 1398 (OPM made "pivotal decision" that ultimately resulted in non-selection), *and Lackhouse v. Merit Sys. Protection Bd.,* 773 F.2d at 315 & n. 3 (Fed.Cir.1985) (OPM's promulgation of rule was the "direct cause" of agency's action), *with Dowd v. Office of Personnel Management,* 745 F.2d 650, 651 (Fed.Cir.1984) (OPM "played no part" in agency's non-selection). Mr. Prewitt has not alleged that OPM was involved in either the failure to maintain employee selection records or the establishment of allegedly improper minimum qualifications for the position for which he applied. He therefore failed to establish that either practice is applied to him by OPM and thus failed to show that the Board had appellate jurisdiction under 5 C.F.R. § 300.104(a).

AFFIRMED.