## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

WILSON MATHEWS, III,
                Appellant,

        v.

SMITHSONIAN INSTITUTION,
                Agency.

DOCKET NUMBER
NY-3443-14-0350-I-1

DATE: June 23, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Wilson Mathews, III, Killeen, Texas, pro se.

Dania Palosky and Amy Koontz, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his challenge to a job offer rescission for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 In April 2014, the appellant applied for the agency's Public Affairs Specialist vacancy, a GS-09 position. Initial Appeal File (IAF), Tab 14 at 9-27. The agency selected the appellant and extended a tentative offer in June 2014. *Id.* at 7. Days later, during salary negotiations, the agency rescinded the offer. IAF, Tab 5 at 64-66, Tab 14 at 8.

¶3 The appellant challenged the rescission of his employment offer in a Board appeal. IAF, Tab 1 at 4, 6. The administrative judge construed the allegations as an "employment practices" appeal. IAF, Tab 3. Accordingly, the administrative judge informed the appellant of the applicable standards and directed him to meet his jurisdictional burden of proof. *Id.* After both parties responded, *e.g.*, IAF, Tabs 5, 14, the administrative judge dismissed the appeal for lack of jurisdiction, IAF, Tab 25, Initial Decision (ID).[2]

¶4 The appellant has filed a petition for review.[3] Petition for Review (PFR) File, Tab 1. The agency has filed a response, PFR File, Tab 3, and the appellant has filed a reply, PFR File, Tab 4.

---

[2] The appellant did not request a hearing. IAF, Tab 1 at 3.

[3] Among other things, the appellant's petition reasserts that the agency engaged in prohibited personnel practices. Petition for Review (PFR) File, Tab 1 at 4. However,

¶5    The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 886 (Fed. Cir. 1998). The appellant bears the burden of proving, by a preponderance of the evidence,[4] that the Board has jurisdiction over his appeal. 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶6    The Board generally lacks jurisdiction over an individual's nonselection for a vacant position. *Prewitt*, 133 F.3d at 886. However, an applicant for employment who believes that an employment practice applied to him by the Office of Personnel Management (OPM) violates a basic requirement in 5 C.F.R. § 300.103 is entitled to appeal to the Board. 5 C.F.R. § 300.104(a).

¶7    The Board has jurisdiction under 5 C.F.R. § 300.104(a) when two conditions are met: (1) the appeal must concern an employment practice that OPM is involved in administering; and (2) the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Sauser v. Department of Veterans Affairs*, 113 M.S.P.R. 403, ¶ 6 (2010). Below, the administrative judge concluded that the appellant failed to meet his burden concerning the first jurisdictional element because he failed to prove OPM involvement in his nonselection. ID at 7-10. We agree.

¶8    The vacancy announcement noted that, to be qualified, an applicant must possess "one year of specialized experience equivalent to at least the GS-07 level in the Federal Service or comparable pay band system." IAF, Tab 14 at 10. At the time, the appellant held a nonappropriated fund (NF) position with the

in the absence of an otherwise appealable action, the Board cannot consider a prohibited personnel practice claim. *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Because we find that the appellant failed to meet his jurisdictional burden, we will not consider the appellant's prohibited personnel practices allegations.

[4] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.41(q).

Department of the Army. IAF, Tab 1 at 6, Tab 5 at 102. Although the appellant's application acknowledged that his position was within the NF pay plan, it did not acknowledge his grade or rate of pay. *See* IAF, Tab 14 at 14. The appellant divulged that his was an NF-03 position after he received the tentative job offer. *See* IAF, Tab 5 at 65-66.

¶9        In a series of emails following the job offer rescission, a Human Resources Manager explained that the agency used the formulation contained within 5 C.F.R. § 300.605(b) to compare the appellant's NF-03 pay to the GS pay scale. IAF, Tab 5 at 49. By doing so, the agency determined that he was not qualified for the GS-09 position because his NF-03 position was equivalent to only the GS-05 level. *Id*. at 47, 49.

¶10        The regulations in 5 C.F.R. Part 300, Subpart F discuss time-in-grade restrictions. *See* 5 C.F.R. §§ 300.601-.606. However, those restrictions are not required in all circumstances. Pursuant to 5 C.F.R. § 300.603(a), "[the] subpart applies to advancement to a [GS] position . . . by any individual who within the previous 52 weeks held a [GS] position," unless otherwise excluded. Further, pursuant to 5 C.F.R. § 300.603(b)(4), an employee may be advanced from a non-GS position to a GS position without regard to the time-in-grade restrictions unless they held a GS position under a nontemporary appointment within the prior 52 weeks.

¶11        Here, it is undisputed that the appellant did not hold any GS position within the 52 weeks prior to his application or selection for the agency's vacancy. IAF, Tab 14 at 22 (resumé reflecting appellant's NF position from October 2010, through present). Therefore, pursuant to the plain language of 5 C.F.R. §§ 300.603(a) and 300.603(b)(4), the agency was not required to apply the time-in-grade restrictions to the appellant. Nevertheless, as described above, the agency cited the 5 C.F.R. § 300.605(b) formulation for crediting non-GS service when it informed the appellant that he was not qualified for the vacancy at issue. IAF, Tab 5 at 47, 49.

¶12    Our reviewing court has addressed the issue at hand.  In *Dowd v. United States*, 713 F.2d 720, 721-22 (Fed. Cir. 1983) (*Dowd I*), the agency conceded that it erroneously applied the time-in-grade restrictions set out in 5 C.F.R Part 300, Subpart F to an applicant.  The court found that the agency's action constituted an "employment practice" for purposes of a Board appeal under 5 C.F.R. § 300.104(a).  *Id*. at 723-24.  Accordingly, the court remanded for further proceedings.  *Id*. at 724.  Pursuant to that remand, the Board further adjudicated the matter, concluding that jurisdiction was still lacking because there was no OPM involvement in the agency's erroneous application of the time-in-grade regulations.  *See Dowd v. Office of Personnel Management*, 745 F.2d 650, 651 (Fed. Cir. 1984) (*Dowd II*).  In *Dowd II*, our reviewing court affirmed.  *Id*.

¶13    As the *Dowd* cases demonstrate, even if the agency erroneously applied the regulatory time-in-grade restrictions, as the appellant alleges, rather than simply borrowing language from 5 C.F.R. § 300.605(b) as a discretionary method of measuring the appellant's qualifications, there is no indication that OPM was involved in any way.  *See generally Prewitt*, 133 F.3d at 888 (to characterize an agency's nonselection as a practice applied by OPM for purposes of jurisdiction in an employment practices appeal, OPM's involvement in the selection process must be significant).  Accordingly, the appellant failed to meet his burden of proving, inter alia, that his appeal concerns an employment practice that OPM is involved in administering.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.