NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARY E. PURIFOY,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2015-3172

---

Petition for review of the Merit Systems Protection Board in No. AT-3443-12-0204-B-1.

---

Decided: November 6, 2015

---

MARY E. PURIFOY, Cantonment, FL, pro se.

KATRINA LEDERER, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge,* WALLACH and STOLL, *Circuit Judges.*

PER CURIAM.

Ms. Mary Purifoy appeals the final decision of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. Because Ms. Purifoy has failed to satisfy her burden of proving that the Board had jurisdiction over her appeal, we *affirm*.

BACKGROUND

Ms. Purifoy, a GS-7 Management Assistant with the Department of the Navy ("Agency"), applied for a GS-9 Management Analyst position in July 2009. Ms. Purifoy was not referred to the selecting official for consideration, and another candidate was eventually selected for the position. In November 2009, the Agency notified Ms. Purifoy that her non-referral was due to an administrative error and offered her priority consideration for the next suitable position. Ms. Purifoy then filed an equal employment opportunity ("EEO") complaint with the Agency, alleging discrimination on the basis of race and sex when the Agency allegedly manipulated the qualification criteria for the vacancy to avoid referring her application to the selecting official. The Agency investigated Ms. Purifoy's complaint and issued a final agency decision finding no discrimination.

Ms. Purifoy then filed an employment practice appeal with the Board, challenging the Agency's recruitment process for the Management Analyst position. Ms. Purifoy alleged that the Agency had violated a "basic requirement" for employment practices of the federal government, as prescribed in 5 C.F.R. § 300.103. Specifically, she alleged that the Agency failed to use "professionally-developed job analyses" to identify important factors for evaluating candidates and further failed to maintain a merit promotion plan in selecting candidates. *See* 5 C.F.R. §§ 300.103(b), 335.102. She also alleged that the Agency had changed the qualification criteria in the

position's vacancy announcement to exclude her from consideration.

The Board ultimately dismissed Ms. Purifoy's employment practice appeal for lack of jurisdiction. The Board noted that it has jurisdiction "over an employment practice appeal pursuant to 5 C.F.R. § 300.104(a) when two conditions are met: (1) the appeal concerns an employment practice that the Office of Personnel Management (OPM) is involved in administering; and (2) the employment practice must be alleged to have violated one of the 'basic requirements' for employment practices set forth in 5 C.F.R. § 300.103." J.A. 9. The Board determined that Ms. Purifoy's claims constituted a challenge to an individual selection process for a particular agency position and thus did not raise an employment practice claim appealable to the Board. On her allegation that the Agency failed to maintain a merit promotion plan and failed to use professionally-developed job analyses in violation of 5 C.F.R. § 300.103, the Board found that Ms. Purifoy did not allege that OPM was involved in administering the alleged practices at issue. The Board thus denied her petition for review and dismissed the appeal for lack of jurisdiction.

Ms. Purifoy appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Whether the Board has jurisdiction to hear an appeal is a question of law reviewed de novo. *Whiteman v. Dep't of Transp.*, 688 F.3d 1336, 1340 (Fed. Cir. 2012).

Ms. Purifoy first argues that the Board had jurisdiction to hear her appeal because the Agency's "employment practice" violated § 300.103(a) in "developing key words" for searching candidate resumes that "were not based upon a professionally developed job analysis." Pet. Br. 8. As the government notes, however, Ms. Purifoy "does not

appear to allege that the use of key words led to her application not being processed correctly." Gov't Br. 16. We agree. The record reflects that Ms. Purifoy's non-referral was due to an error in the Agency's application processing system. It was not as a result of an "employment practice" within the meaning of § 300.104. We have repeatedly held that, for the Board to have jurisdiction, it is "necessary that the challenged employment practice have been applied to the applicant as the basis for the adverse hiring decision." *Dow v. Gen. Servs. Admin.*, 590 F.3d 1338, 1342 (Fed. Cir. 2010). As such, we agree that the Board lacked jurisdiction over Ms. Purifoy's appeal.

Ms. Purifoy also alleges that the Board had jurisdiction over her claim that the "agency's failure to maintain an active Merit Promotion Plan and develop selection criteria based on a professionally developed job analysis" violated § 300.103(b). Pet. Br. 8. Ms. Purifoy appears to assert that the Board erred in concluding that OPM must be involved in administering the employment practice for the Board to have jurisdiction. Pet. Br. 7-8. (citing *Prewitt v. Merit Sys. Prot. Bd.,* 133 F.3d 885, 888 (Fed. Cir. 1998)). Ms. Purifoy argues that "an agency's misapplication of a valid OPM requirement may constitute an employment practice" and that "OPM need not be immediately involved in the practice in question." Pet. Br. 9 (emphasis omitted).

Ms. Purifoy's argument, however, rests on a misunderstanding of *Prewitt*. In *Prewitt*, we held that "OPM's involvement in an agency's selection process may be sufficient to characterize a non-selection action by that agency as a practice applied by OPM" only where OPM's involvement in the selection process is "significant." *Prewitt,* 133 F.3d at 888. As the Board observed, however, Ms. Purifoy "did not allege that OPM was involved in administering the alleged practices at issue or that the agency's alleged wrongful actions were based upon any regulation or standard promulgated by OPM." J.A. 10.

That is, Ms. Purifoy has not satisfied her burden of establishing Board jurisdiction with respect to the employment practices because she "has not shown that OPM was involved in the administration of [the] practices." *Prewitt*, 133 F.3d at 887–88; *see also Dowd v. Office of Pers. Mgmt.*, 745 F.2d 650, 651 (Fed. Cir. 1984) ("[S]ince OPM played no part in the [employment practice applied] to petitioner by the [agency], OPM had not applied any employment practice to petitioner." (emphasis omitted)).

## CONCLUSION

We affirm the Board's decision dismissing Ms. Purifoy's appeal for lack of jurisdiction.

## **AFFIRMED**

## COSTS

No costs.