**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL COUGHLIN,
          Appellant,

          v.

DEPARTMENT OF HOUSING AND
    URBAN DEVELOPMENT,
          Agency.

DOCKET NUMBER
PH-3443-17-0002-I-1

DATE: January 31, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Coughlin, Groveland, Massachusetts, pro se.

Eric D. Batcho, Esquire, Boston, Massachusetts, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his nonselection and employment practices appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        At all times relevant to the present appeal, the appellant was a preference-eligible veteran employed by the agency as a General Engineer.  Initial Appeal File (IAF), Tab 1 at 1.  He applied for a Program Analyst position and was referred to the selecting official on the certificate of competitive-eligible candidates, but the agency did not grant him an interview.  IAF, Tab 7 at 17-29.  The appellant filed a grievance, alleging discrimination based on gender in the selection process, which the agency denied at the Step 1 and Step 2 levels.  IAF, Tab 1 at 7-12.  He subsequently filed an appeal with the Board.  *Id*. at 1-5.  Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that the appellant had not raised nonfrivolous[2] allegations that the appeal fell within one of the exceptions to the general rule that nonselection decisions are not appealable to the Board.  IAF, Tab 17, Initial Decision (ID) at 1, 4, 10.

¶3        On petition for review, the appellant argues for the first time that "the agency had a "pattern of selecting female candidates over [him]" and sets forth

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue.  5 C.F.R. § 1201.4(s).

information regarding six positions for which he applied but was not selected between April 2015 and November 2016.  Petition for Review (PFR) File, Tab 1 at 6-8.  He asserts that this "new evidence" demonstrates that the agency had a "discriminatory hiring practice based on gender," and he provides copies of various applications he submitted through USA Jobs during this same time period.  *Id*. at 8, 11-21.  The appellant also raises two allegations of retaliation for the first time.  *Id*. at 9.  He alleges that, "a few hours" after the Step 2 grievance decision, his workload was drastically reduced and that his nonselection for a separate Management Analyst position was retaliation by the selecting official who served as the deciding official in the Step 2 nonselection grievance.  *Id*.  The appellant submits documents identifying the division of work amongst individuals in his office, as well as email correspondence with an agency official in which he expressed his frustration at not being chosen to take on certain projects.  *Id*. at 22-47.  The appellant states that he "did not produce this material evidence and legal argument in previous filings" because he believed that "those hiring decisions were irrelevant to the challenged hire," but that the initial decision made it "apparent that the only way to challenge an individualized hiring decision as an employment practice was to make a new argument on selection history and workloads before and after the challenged position."  *Id*. at 10.

¶4        The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d).  To constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed.  *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989).  The appellant has not made such a showing regarding his allegations of a discriminatory pattern of hiring or retaliation he raises for the first time on review.  The evidence that the appellant

submits for the first time on review is not new, as all of the documents and underlying information contained therein predate the close of the record below, including evidence concerning his USA Jobs application history and alleged changes in workload after the denial of the Step 2 grievance. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (stating that, under 5 C.F.R. § 1201.115, the Board ordinarily will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

¶5        In any event, the appellant's new arguments are not a source of Board jurisdiction. As stated in the administrative judge's acknowledgment order and initial decision, nonselections generally are not appealable to the Board. IAF, Tab 2 at 2-4; ID at 4. The initial decision correctly explained that the Board lacks jurisdiction over discrimination claims, either concerning an individual event or a pattern, as alleged by the appellant on review, absent an otherwise appealable action. ID at 8-9; *see* 5 U.S.C. § 7702(a)(1); *Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶ 7 (2012). Prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction.[3] *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982). Further, absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's repeated claim that the agency committed harmful procedural error by failing to follow the governing collective bargaining agreement or agency hiring policy. ID at 9; PFR File, Tab 1 at 8-9; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012).

¶6        To the extent that the appellant argues on review that his allegation of a pattern of discriminatory hiring is the "only way to challenge an individualized hiring decision as an employment practice," PFR File, Tab 1 at 10, the appellant

---

[3] Despite notice and opportunity, the appellant has not alleged any facts that might implicate jurisdiction over this matter as an individual right of action appeal. IAF, Tab 2 at 4-5; *see* 5 U.S.C. §§ 1214(a)(3), 1221.

mischaracterizes the administrative judge's findings in the initial decision. Although a nonselection is not an appealable adverse action pursuant to 5 U.S.C. chapter 75, the Board may address a nonselection in the context of a claim that an employment practice that was applied to the appellant by the Office of Personnel Management (OPM) violated a basic requirement set forth at 5 C.F.R. § 300.103. *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 887 (Fed. Cir. 1998); 5 C.F.R. § 300.104(a). The administrative judge properly addressed the appellant's employment practice claim, finding that the appellant's allegations concerned an "individualized hiring decision" and not an employment practice that OPM was involved in administering. ID at 5-8. On review, the appellant does not dispute these findings, and we discern no error in the administrative judge's analysis.

¶7      Accordingly, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.    5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).   If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                         /s/ for
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.