# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JESUS CLEMENTE,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-3443-20-0600-I-1 |
| 　　v. | |
| DEPARTMENT OF JUSTICE,<br>　　　　　Agency. | DATE: June 25, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[*]

<u>Jesus Clemente</u>, San Diego, California, pro se.

<u>Gregory Patrick</u>, Esquire, Falls Church, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his nonselection appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the initial decision's findings that the Board lacks jurisdiction over the matter as an adverse action, employment practices, or suitability action appeal. We FIND

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

that his prohibited personnel practices claims are not an independent source of jurisdiction. However, we REMAND the case to the Western Regional Office for further adjudication of his claims pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) (codified at 38 U.S.C. §§ 4301-4333) and the Veterans Employment Opportunity Act of 1998 (VEOA).

## BACKGROUND

The appellant is an Immigration Judge in San Diego, California. Initial Appeal File (IAF), Tab 1 at 1. He applied for an Appellate Immigration Judge position, and the agency interviewed him but later notified him that he was not selected. *Id.* at 3-5. He appealed his nonselection, asserting that he was not selected for the position because "I am not a known Republican or Conservative and not involved in cronyism" and the agency discriminated against him "because of political reasons and cronyism." *Id.* at 5. In an acknowledgment order, the administrative judge notified the appellant that the Board generally lacks jurisdiction over nonselection claims, and she instructed him how to meet his jurisdictional burden. IAF, Tab 2. The appellant filed a response and addendum asserting that the Board has jurisdiction over his nonselection claim because the agency, through the Office of Personnel Management (OPM), violated basic requirements of 5 C.F.R. § 300.103(a) and because the agency engaged in a prohibited personnel practice under 5 U.S.C. § 2302(b)(1) by discriminating against him based on his race, national origin, color, age, disability, and political affiliation. IAF, Tabs 4-5. The agency filed a response, and the appellant filed a reply. IAF, Tabs 6-7. After considering the submissions, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to nonfrivolously allege jurisdiction over his nonselection claim. IAF, Tab 19, Initial Decision (ID) at 5. The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board generally lacks jurisdiction to consider an appeal regarding a nonselection for a position. *Nakshin v. Department of Justice*, 98 M.S.P.R. 524, ¶ 9 (2005). Claims of unlawful conduct in the selection process ordinarily must be brought before other forums. *Prewitt v. Merit Systems Protection Board*, 133 F.3d 885, 886 (Fed. Cir. 1998).

On review, the appellant asserts that the administrative judge erred when she found that the appellant failed to nonfrivolously allege jurisdiction over his nonselection. Specifically, he argues that the Board has jurisdiction over his nonselection because (1) he was subjected to a suitability action, (2) he was subjected to an appealable unlawful employment practice pursuant to 5 C.F.R. § 300.103 and 5 C.F.R. § 300.104(a), and (3) he was subjected to a prohibited personnel practice pursuant to 5 U.S.C. § 2302(b)(1) when the agency discriminated against him based on his race, national origin, color, age, disability, and political affiliation. PFR File, Tab 1. Additionally, it appears that the appellant is seeking to assert a USERRA and/or VEOA claim. *Id.* at 5.

We affirm the administrative judge's finding that the appellant failed to nonfrivolously allege that he was subjected to a suitability determination. ID at 4-5. The administrative judge issued an acknowledgment order explaining the appellant's burden to nonfrivolously allege jurisdiction if he believed he was subjected to a suitability determination. IAF, Tab 2 at 3-4. The appellant submitted a response and addendum totaling over 300 pages, but he did not allege that he was subjected to a cancellation of eligibility, a removal, a cancellation of reinstatement eligibility, or a debarment. *Id.*; 5 C.F.R. § 731.203(a). In his petition for review, the appellant makes a conclusory allegation that the administrative judge "incorrectly concluded OPM did not engage in a suitability

determination," but he did not allege any facts in support of his assertion. PFR File, Tab 1 at 5. The appellant also states on review that the administrative judge incorrectly set forth the legal standard. We disagree and find that the administrative judge correctly set forth the standard for an appealable suitability action.

We likewise affirm the administrative judge's finding that the appellant failed to nonfrivolously allege that an employment practice applied to him by OPM violated a basic requirement in 5 C.F.R. § 300.103. ID at 4-5. The Board has jurisdiction over an employment practice claim under 5 C.F.R. § 300.104(a) when the following two conditions are met: (1) the appeal must concern an employment practice that OPM is involved in administering; and (2) the appellant must make a nonfrivolous allegation that the employment practice violated one of the "basic requirements" for employment practices set forth in 5 C.F.R. § 300.103. *Burroughs v. Department of the Army*, 116 M.S.P.R. 292, ¶ 15, *appeal dismissed*, 446 F. App'x 293 (Fed. Cir. 2011). "An individual agency action or decision that is not made pursuant to or as part of a rule or practice of some kind does not qualify as an 'employment practice.'" *Prewitt*, 133 F.3d at 887; *see also Dowd v. Office of Personnel Management*, 745 F.2d 650, 651 (Fed. Cir. 1984) (affirming the Board's dismissal for lack of jurisdiction because "OPM played no part in the ineligible rating given to [the] petitioner" and thus "*OPM had not applied* any employment practice to [the] petitioner") (emphasis added). On review, the appellant alleges that the agency asked interview questions that were unrelated to the basic job duties and responsibilities of the position and that the questions were "designed specifically to find the [a]ppellant unqualified for the position." PFR File, Tab 1 at 5-6. He further alleges, "the agency failed to provide in the announcement 'the factors that are important in evaluating candidates,' as required under 5 C.F.R. § 300.103(a)(3)," though he later acknowledged that the announcement did contain the factors important in evaluating candidates, and he argues instead that the agency "unfairly and

maliciously shifted the narrative during the interview" to ask questions that he contends are unrelated to the basic responsibilities of the position. PFR File, Tab 1 at 6-7 (emphasis added). The appellant has failed to identify OPM's involvement, if any, in the development of interview questions. The fact that OPM may have been involved in posting the job announcement and forwarding qualified candidates to the agency does not transform the appellant's complaint about an individual agency action or decision into an appealable employment practice. *E.g.*, IAF, Tab 7 at 8; PFR File, Tab 1 at 5. We therefore agree with the administrative judge that the appellant has failed to nonfrivolously allege an appealable employment practice.

The appellant also argues that the administrative judge failed to consider his claim that the Board has jurisdiction over his allegation of a prohibited personnel action pursuant to 5 U.S.C. § 2302. Specifically, he alleges that the agency discriminated against him based on his race, national origin, color, age, disability, and political affiliation. PFR File, Tab 1 at 7-8. The Board can consider claims of prohibited personnel practices in conjunction with an otherwise appealable matter or if the claim is brought as an independent right of action under 5 U.S.C. § 1221. *See* 5 U.S.C. § 2302(b)(8); *Brodt v. Merit Systems Protection Board*, 11 F.3d 1060, 1061 (Fed. Cir. 1993) ("Prohibited personnel practices are cognizable by the Board only when they motivate an otherwise appealable personnel action."). However, section 2302(b) does not provide an independent ground for Board jurisdiction. *Fair v. Department of the Navy*, 66 M.S.P.R. 485, 488 (1995). Because the appellant's allegation of a prohibited personnel practice was not coupled with an otherwise appealable personnel action or brought as an independent right of action under section 1221, the Board lacks jurisdiction over the appeal.

In his petition for review, the appellant states that he is "a 90% disabled veteran, part of the 'uniform service,' and entitled to 'veterans' preference.'" PFR File, Tab 1 at 5. Although the appellant did not specifically invoke

USERRA or VEOA by name, his filings before the administrative judge referenced the agency's "knowledge of his **military and disability status**," alleged he was denied the position "due to his military standing," and referenced his veterans' preference. IAF, Tab 7 at 4-5 (emphasis in original). The administrative judge's acknowledgment order did not provide explicit notice on how the appellant could establish jurisdiction over his claim as a USERRA appeal, and the issue is not addressed in the initial decision. Under the circumstances, we find it appropriate to remand for consideration of the potential USERRA claim. On remand, the administrative judge shall notify the appellant of the USERRA burdens and methods of proof.

The appellant may also have attempted to raise a claim under VEOA. Although his actual allegations do not suggest that the agency failed to observe veterans' preference laws and he does not allege that he timely filed a complaint with the Secretary of Labor, as required under 5 U.S.C. § 3330a, we note that the appellant checked the box on the initial appeal form noting he was entitled to veterans' preference and his submissions have made reference to his entitlement to veterans' preference. IAF, Tab 1, 4, Tab 7 at 5; PFR File, Tab 1 at 5. VEOA claims must be liberally construed. *Loggins v. U.S. Postal Service*, 112 M.S.P.R. 471, ¶ 14 (2009). We likewise remand this appeal for adjudication of any VEOA claim that the appellant might have raised. On remand, the administrative judge shall provide the appellant with a complete statement of the jurisdictional elements for a VEOA claim.

**ORDER**

Accordingly, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:       *Gina K. Grippando*
      _____
      Gina K. Grippando
      Clerk of the Board

Washington, D.C.