# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| PEGGY A. MALONEY,<br>   Petitioner, | DOCKET NUMBER<br>CB-1205-21-0005-U-1 |
|   v. | |
| OFFICE OF PERSONNEL<br> MANAGEMENT,<br>   Agency, | DATE: May 24, 2023 |
|   and | |
| OFFICE OF ADMINISTRATION,<br> EXECUTIVE OFFICE OF THE<br> PRESIDENT,<br>   Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Peggy A. Maloney, Greenport, New York, pro se.

Nadia K. Pluta, Esquire, Washington, D.C., for the Office of Personnel Management.

Raheemah Abdulaleem and John Kevin Fellin, Washington, D.C., for the Office of Administration, Executive Office of the President.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

**FINAL ORDER**

¶1      The petitioner requests that we review, pursuant to our authority under 5 U.S.C. § 1204(f), the implementation of 5 C.F.R. § 752.403 by her former employer, the Office of Administration (OA), an entity within the Executive Office of the President. Request File (RF), Tab 1. She further alleges that OA took various actions in violation of other Office of Personnel Management (OPM) regulations. For the reasons set forth below, we DENY the petitioner's request for regulation review.

**BACKGROUND**

¶2      The petitioner alleges that OA violated 5 C.F.R. § 752.403(b), which provides that "[a]n agency may not take an adverse action against an employee on the basis of any reason prohibited by 5 U.S.C. § 2302." RF, Tab 1 at 2. She states that OA made significant changes to her working conditions and took multiple adverse actions against her in reprisal for her protected whistleblower disclosures in violation of 5 U.S.C. § 2302(b)(8). *Id.* at 9. She states that OA's violations of OPM regulations were also prohibited personnel practices (PPP) under 5 U.S.C. § 2302(b)(3) and (b)(12). *Id.* The petitioner states that she is also challenging the OA's implementation of several other OPM regulations, including 5 C.F.R. §§ 410.302, 531.410, 630.1202, 736.201, 752.102, and 752.201. *Id.* at 4, 6, 10.

---

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

¶3      OA responds that the petitioner is attempting to relitigate claims that she has brought in other appeals.[3]  RF, Tab 9 at 1.  OA states that the petitioner "appears to challenge multiple regulations, but only to the extent that she merely lists them without identifying any specific legal infirmities for the Board's review."  *Id.* at 5.  OA states that these "challenges" relate to matters that she already has appealed.  *Id.*  Finally, OA states that the petitioner "already has had available to her through her individual appeals all appropriate remedies for the challenged personnel actions."  *Id.* at 6.  OPM did not file a response.[4]

## ANALYSIS

¶4      The Board has original jurisdiction to review rules and regulations promulgated by OPM.  5 U.S.C. § 1204(f).  In exercising its jurisdiction, the Board is authorized to declare an OPM rule or regulation invalid on its face if the Board determines that such provision would, if implemented by any agency, on its face, require any employee to commit a PPP as defined by 5 U.S.C. § 2302(b).  5 U.S.C. § 1204(f)(2)(A).  Similarly, the Board has the authority to determine that an OPM regulation has been invalidly implemented by an agency if the Board determines that such provision, as it has been implemented by the agency through any personnel action taken by the agency or through any policy adopted by the agency in conformity with such provision, has required any employee to commit a PPP.  5 U.S.C. § 1204(f)(2)(B).  *See Prewitt v. Merit Systems Protection Board*,

---

[3] The petitioner filed a whistleblower individual right of action (IRA) appeal, MSPB Docket Nos. DC-1221-19-0677-W-1 and DC-1221-19-0677-B-1, and an appeal from her removal, MSPB Docket Nos. DC-0752-20-0092-I-1 and DC-0752-20-0092-I-2.

[4] The petitioner filed several motions requesting that the Board sanction OPM for not filing a response to her request for regulation review.  *See, e.g.*, RF, Tabs 15, 17-19.  Given that the Board's invitation to OPM to file a response was not compulsory, we deny the petitioner's motions.  *See Delos Santos v. Office of Personnel Management*, 89 M.S.P.R. 296, ¶ 5 (2001) (holding that there is no statute or regulation requiring a response to a request for regulation review or authorizing the Board to order sanctions under such circumstances).

133 F.3d 885, 887 (Fed. Cir. 1998). Here, the petitioner challenges the implementation of various OPM regulations by her former employer, OA.

¶5 The Board's regulations direct the individual requesting review to provide the following information: the requester's name, address, and signature; a citation identifying the regulation being challenged; a statement (along with any relevant documents) describing in detail the reasons why the regulation would require an employee to commit a PPP, or the reasons why the implementation of the regulation requires an employee to commit a PPP; specific identification of the PPP at issue; and a description of the action the requester would like the Board to take. 5 C.F.R. § 1203.11(b). *See Di Jorio v. Office of Personnel Management*, 54 M.S.P.R. 498, 500 (1992). Here, the petitioner has provided this information only with respect to her challenge to the OA's implementation of 5 C.F.R. § 752.403(b). Although she cites several other OPM regulations, she does not provide reasons explaining why OA's purportedly incorrect application of those regulations requires an employee to commit a PPP and, in most instances, she does not specifically identify the PPP at issue. In the absence of such allegations, the petitioner has not met her burden under 5 C.F.R. § 1203.11(b). *See Garcia v. Office of Personnel Management*, 109 M.S.P.R. 266, ¶ 6 (2008) (where a petitioner fails to explain how a regulation requires the commission of a PPP or fails to identify the PPP at issue, the Board has denied the regulation review request).

¶6 The petitioner alleges that OA violated 5 C.F.R. § 752.403(b) by placing her on a detail after she made disclosures that a Combined Federal Campaign (CFC) raffle violated CFC rules; an authorization for training form, SF-182, was improperly submitted; a contractor gave away prescription drugs; and there was mismanagement related to a leasing contract. RF, Tab 1 at 2-4, 8. These same allegations form the basis of the petitioner's pending IRA appeal. *See Mahoney v. Executive Office of the President, Office of Administration*, MSPB Docket No.

DC-1221-19-0677-W-1, Initial Appeal File, Tab 5 (alleging reprisal for making the same disclosures).

¶7        The Board's regulation review authority is discretionary.  5 U.S.C. § 1204(f)(1)(B) (providing that the Board grants a petition for regulation review "in its sole discretion").  *See Clark v. Office of Personnel Management*, 95 F.3d 1139, 1141 (Fed. Cir. 1996) (Congress explicitly authorized the Board to review directly any provision of any OPM rule or regulation and stated that the decision whether to grant such review was in the Board's "sole discretion").  In deciding whether to exercise our discretion, we consider, among other things, the likelihood that the issue will be timely reached through ordinary channels of appeal, the availability of other equivalent remedies, the extent of the regulation's application, and the strength of the arguments against the validity of its implementation.  *McDiarmid v. U.S. Fish and Wildlife Service*, 19 M.S.P.R. 347, 349 (1984).

¶8        Here, we find it dispositive that the petitioner is raising issues that are duplicative of those that she has raised in her pending IRA appeal.  Indeed, the petitioner raised her claims of reprisal for whistleblowing by filing a complaint with the Office of Special Counsel and, upon closure of that complaint, an IRA appeal with the Board.  On August 3, 2022, the Board granted the petitioner's petition for review, vacated the initial decision, and remanded the case for further adjudication.  *Maloney v. Office of Administration, Executive Office of the President*, 2022 MSPB 26.  Among other things, the Board held that OA met the definition of an "agency" and that the petitioner is an "employee" in a "covered position."  *Id.* at ¶ 42.  In addition, the petitioner's appeal from her removal remains pending before the Board.  If the petitioner prevails in her IRA appeal and/or her removal appeal, appropriate remedies would be available to her.  If she prevails in her removal appeal, she may be reinstated and entitled to back pay; and if she proves that she was subjected to prohibited personnel practices in her

IRA appeal, she may be entitled to corrective action, including compensatory and consequential damages.[5] *See* 5 U.S.C. § 1221(g).

## ORDER

¶9     Accordingly, the petitioner's request for regulation review is DENIED. This is the final decision of the Merit Systems Protection Board in this proceeding. Title 5 of the Code of Federal Regulations, section 1203.12(b) (5 C.F.R. § 1203.12(b)).

FOR THE BOARD:

<u>        /s/ for              </u>

        Jennifer Everling
        Acting Clerk of the Board

Washington, D.C.

---

[5] In her request for regulation review, the petitioner requests that the Board charge certain Federal employees with treason. RF, Tab 1 at 12. The Board does not have authority to order such a remedy.